No. 25202.

PATRICK FORSTER AND KAREN FORSTER *v.* SUPERIOR COURT
OF THE CITY AND COUNTY OF DENVER AND THE HONORABLE
CHARLES E. BENNETT, ONE OF THE JUDGES THEREOF.
(488 P.2d 202)

Decided September 7, 1971.

CARL L. HARTHUN, KALMON GLOVIN, for petitioners.

No appearance for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of
the Court.

PETITIONERS Forster, seek an order requiring the Respondent, The Honorable Charles E. Bennett as Judge of the Superior Court of the City and County of Denver, to grant a jury trial in an action filed by them in the superior court against Hutchinson Homes and Vern Anderson as defendants. Upon application by the Petitioners, we issued a rule upon the Respondents to show cause why the relief requested by the Petitioners should

not be granted. No answer was filed by the Repondents.

The Forsters did not request a jury trial with the complaint which they filed in the trial court. The defendants in the original suit, however, noted a request for a jury trial at the time they filed their answer. The case was then set for a jury trial as a result of the defendants' demand.

On the morning of the trial, the defendants advised the trial court that they wished to waive a jury trial. Petitioners objected and advised the court that they had not filed a request for a jury trial within the time provided by the Rules because they relied upon defendants' request to protect their right to a jury trial under the provisions of C.R.C.P. 38 (d).

Rule 38 (d) provides in *para materia* as follows:

". . . A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

The language of the rule is clear and plain. It is written to meet the exact situation presented here. One requesting a jury trial may not later withdraw that request unless his desire for a non-jury trial is acceded to by the remaining parties to the lawsuit. In the face of the objection by the Petitioners to a non-jury trial, the trial court should have proceeded to try the case to a jury.

The rule is made obsolute.

Mr. Justice Day and Mr. Justice Hodges not participating.