No. 14934

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

HAROLD POULSEN, KARL INGEBRIGTSON,
DICK OLSON and EMERY MATSKO, JR.,

        Plaintiffs,

    -vs-

TREASURE STATE INDUSTRIES, INC.,
A Montana Corporation; and KENNETH
K. KNIGHT,

        Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Plaintiffs:

        Graybill, Ostrem, Warner & Crotty, Great Falls, Montana
        Donald Ostrem argued, Great Falls, Montana

    For Respondents:

        Smith, Emmons, Baillie and Walsh, Great Falls, Montana
        Cure and Borer, Great Falls, Montana
        Edward Borer argued, Great Falls, Montana

---

Submitted: September 17, 1979

Decided: OCT 2 1979

Filed: OCT 2 1979

_____ Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Petitioner Kenneth K. Knight has filed an original motion in this Court seeking an order permitting him to post security other than a supersedeas bond to stay enforcement of a money judgment against him pending appeal.

The underlying action in the District Court of Cascade County resulted in entry of judgment against defendant Knight and defendant Treasure State Industries, Inc., a Montana corporation, jointly and severally in the sum of $302,129.65 and an additional award solely against defendant Treasure State Industries in the sum of $1,742.52. This judgment was entered on June 1, 1979. Thereafter an amended judgment was entered against the same defendants in the same amounts with an additional judgment of indemnity in favor of defendant Treasure State Industries against defendant Knight for such amounts as Treasure State might ultimately pay to plaintiff in satisfaction of the joint and several judgment against it and Knight.

Following entry of the amended judgment, the District Court granted three temporary stays of judgment and execution pending a hearing in that court on defendant Knight's application to file security other than a supersedeas bond. On August 17, 1979, following hearing, the District Court denied the application.

On the same date defendant Treasure State Industries posted a supersedeas bond as represented by a certificate of deposit in the sum of $319,224.52, which was approved by the District Court. This covered the liability of Treasure State Industries on the judgment but did not cover the liability of defendant Knight.

Thereafter defendant Knight filed an original motion in this Court to permit him to post security other than a supersedeas bond or in an amount different from the amount of the judgment, pursuant to Rule 7(a), M.R.App.Civ.P. This Court set the motion

- 1 -

for hearing on September 13, stayed enforcement and execution on the judgment pending hearing, and enjoined defendant Knight from transferring, encumbering or concealing property for the purpose of avoiding satisfaction of judgment.

Plaintiffs in whose favor the underlying amended judgment was entered filed their written objection to defendant Knight's motion. The motion and objections thereto came on for hearing before this Court on September 13.

An affidavit of Knight's counsel and the financial statement of Knight were submitted for filing. Oral argument by counsel for Knight and by counsel for objectors was heard. This Court granted Knight the right to take and submit two depositions, his own and that of Eleanor K. Johnson, by September 17 in support of his motion. These have been taken and filed. The order staying enforcement and execution on the judgment and enjoining Knight from transferring, encumbering or concealing property for the purpose of avoiding satisfaction of the judgment have been continued pending our decision on Knight's motion. The matter has now been submitted to us for decision.

The essential facts in this case are clear. Knight cannot secure a supersedeas bond from a commercial bonding company without posting a cash security or its equivalent (in the form of a certificate of deposit, an irrevocable letter of credit from a bank, or an assigned savings account) in the amount of his liability on the judgment. Knight claims he cannot post cash security without liquidating a substantial portion of his assets, incurring substantial tax liabilities, and suffering severe business and economic hardship which he seeks to avoid. He has applied to one bank for a letter of credit but has been advised this would exceed that bank's lending authority. He seeks authorization from us to post common stocks and pledges of personal assets including equity positions, real estate and business ventures in lieu of a supersedeas

bond. He has submitted an unverified "personal statement" dated April 1, 1979, indicating a net worth far in excess of his liability on the judgment together with a customer's copy of his account with a stock brokerage firm.

The pertinent rule under which Knight's motion is made provides:

> "Upon entry of a judgment or order a party may apply to the district court on notice or ex parte for a stay of the execution of the judgment or order. The court in its discretion may grant said stay . . . Upon service of notice of appeal, if the court has made no such order or the appellant desires a stay for a longer period than ordered, he may present to the district court and secure its approval of a supersedeas bond . . . On application, the supreme court in the interest of justice may suspend, modify, restore, or grant any order made under this subdivision." Rule 7(a), M.R.App.Civ.P.

The purpose of a supersedeas bond as a condition for staying enforcement and execution on a judgment is to guarantee and secure the rights of the judgment creditor during the appeal process. At the same time it preserves and implements the judgment debtor's statutory right of appeal. It is well established that a supersedeas bond may be required to preserve the rights of the unsuccessful party. Gallatin Trust and Savings Bank v. Henke (1969), 154 Mont. 170, 461 P.2d 448, and cases therein cited.

Here Knight seeks to post security other than a supersedeas bond to guarantee and secure the rights of judgment creditors pending determination of his appeal "in the interest of justice" as provided in Rule 7(a), M.R.App.Civ.P. Alternatively, he seeks reduction of the amount of any supersedeas bond to a lesser sum than the amount of his liability on the judgment.

We deny Knight's motion in the exercise of our discretion for several reasons. Denial of his motion will not deny him access to this Court to appeal from the judgment. He is apparently a wealthy man who can post a supersedeas bond albeit with some financial hardship consisting of monetary losses in liquidation of assets, tax consequences, and loss of business income. We do not consider

the rights of his judgment creditors guaranteed and secured by the reduction in amount of a supersedeas bond on the posting of substitute security in the form of stocks and pledges of equities in business ventures, real estate and personal assets. A reduction in amount of a supersedeas bond below the amount of his liability on the judgment cannot secure the rights of his judgment creditors. Additionally such substitute security fluctuates in value due to changes in market conditions and requires constant attention to preserve the security of the judgment creditors. This Court has neither the expertise nor the capacity to monitor such collateral. If commercial bonding companies decline to issue a supersedeas bond based on such security, what justification exists for this Court to accept such security in lieu of a supersedeas bond? None has been advanced that moves our discretion.

Additionally, Knight's attempts to secure a supersedeas bond have been neither prompt nor thorough. The record does not disclose any attempt to secure a loan from a bank or lending institution. The record discloses but one inquiry of a bank concerning the acquisition of an unrevocable letter of credit. He has not furnished this Court with a recent net worth statement verified by a certified public accountant. These indications do not support his claims that the "interests of justice" require us to grant his motion.

For the foregoing reasons, the motion of Kenneth K. Knight is denied in its entirety. Our orders staying enforcement and execution of the judgment and restraining and enjoining Kenneth K. Knight from transferring, disposing, encumbering or concealing property heretofore issued by this Court are vacated effective October 15 in the absence of his posting a supersedeas bond or

or its equivalent approved by the Court.

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices