No. 81-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

SAFECO INSURANCE COMPANY,

Plaintiff and Appellant,

vs.

LOVELY AGENCY and DONALD E. McHENRY,

Defendants and Respondents.

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Landoe, Brown, Planalp, Kommers and Lineberger, Bozeman,
Montana
Gene I. Brown argued, Bozeman, Montana

For Respondent:

Berg, Coil, Stokes & Tollefsen, Bozeman, Montana
Gene E. Berg argued, Bozeman, Montana
Morrow, Sedivy, Olson, Scully and Eck, Bozeman, Montana

Submitted: March 31, 1982

Decided: September 30, 1982

Filed: SEP 3 0 1982

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In a damage action by an insurer against its agents for wrongfully issuing an insurance policy, the District Court of Gallatin County entered judgment for the agents. The insurer appeals. We reverse, holding the insurer is entitled to judgment as a matter of law on the issue of liability and remanding for trial on the issue of damages.

Safeco initially brought an action against insureds, Leonard Doran, Paul Doran, Lovely Agency and McHenry to have a policy of farm liability insurance cancelled ab initio because of misrepresentations in Doran's application for insurance. Safeco later learned that the misrepresentations were made by McHenry, as an employee of Lovely Agency.

Safeco paid a $300,000 wrongful death claim against Dorans and dismissed Dorans from the action. Safeco filed an amended complaint against McHenry and Lovely Agency alleging negligence, breach of duty, misrepresentations and seeking damages.

After the unfavorable judgment at trial, Safeco raises three issues on appeal:

1. Did the trial court err in denying Safeco's demand for a jury trial?

2. Did the trial court err in finding Safeco to be in pari delicto with Lovely Agency and McHenry, and therefore not entitled to recovery?

3. Did the trial court err in holding that Safeco had ratified the unauthorized acts of Lovely Agency and McHenry?

Safeco is a corporation qualified to do business in Montana; Lovely Agency is an independent insurance agency in Livingston, Montana, authorized to solicit applications for

-2-

a number of insurance companies, including Safeco. McHenry was employed by Lovely Agency to sell insurance. Leonard Doran and his son, Paul Doran are ranchers in the area. Dorans wanted to buy a comprehensive farm insurance policy. Sometime in 1979, Dorans contacted an insurance company and requested coverage. The company refused to insure Dorans because of their poor driving records and referred them to McHenry.

McHenry met with Dorans to discuss their insurance needs. As a result, Leonard Doran agreed to purchase a farm insurance policy through Lovely Agency. Leonard Doran testified at trial that he had signed an application for insurance through Safeco, although that application was not produced at trial nor was an explanation given for its disappearance.

The applications submitted to Safeco and the ones which were later produced at trial were not signed by Dorans. McHenry admitted to twice forging the signature of Leonard Doran to applications. The forged applications contained several misrepresentations of the Dorans' driving records, as well as misrepresentations of Dorans' insurance history. Specifically, the forged applications showed three speeding violations for Leonard Doran, when there were actually four and only one speeding violation for Paul Doran when there were actually four. The forged applications failed to mention the facts that Paul Doran's driver's license had been suspended in 1977 for 6 months or that Paul Doran had been cited for driving while intoxicated only a few days before the signature date on one of the forged applications. The forged applications also failed to mention that Dorans had not had vehicle insurance for approximately the past 15 years.

Safeco reviewed the applications as submitted and determined that Leonard and Paul Doran were to be included as the named insureds on a policy. Leonard Doran delivered a check in payment of the premium for $1,600 to McHenry. Safeco issued a policy effective June 19, 1979 through June 19, 1980.

On August 22, 1979, Paul Doran was involved in an accident while driving a road grader on the Doran's property. As a result, Donald Sorum was killed. Sorum's estate brought a wrongful death action against Leonard Doran. A subsequent investigation by Safeco uncovered the misrepresentations on the insurance applications. Safeco, believing that the Dorans were primarily responsible for the misrepresentations, initiated an action against Dorans, Lovely Agency and McHenry to have the insurance policy declared void ab initio.

Safeco later discovered that Leonard Doran's signature on the application had been forged by McHenry, and that McHenry was primarily responsible for the misrepresentation. Safeco settled the wrongful death claim against Dorans by paying the Sorum estate the maximum policy amount of $300,000. Safeco then filed an amended complaint dismissing Dorans and seeking damages from Lovely Agency and McHenry as defendants.

JURY TRIAL

When McHenry and Lovely Agency answered the amended complaint, they demanded a jury trial. The jury trial was set for February 24, 1981. On February 20, McHenry and Lovely Agency withdrew their demand for a jury trial and insisted that the case not be tried by a jury because it was an equity action. Safeco objected and refused to consent to a waiver of the jury. The trial court ordered that the case would be tried by the judge without a jury.

-4-

The trial court erred in allowing McHenry and Lovely Agency to unilaterally waive the jury by withdrawing their demand for jury trial only a few days before the trial.

The right to a jury trial is secured by Art. II, § 26 of the Montana Constitution:

> "The right to a trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury . . ."

Rule 38(d), M.R.Civ.P. provides that ". . . A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." (Emphasis added.)

Safeco did not consent to the withdrawal nor did Safeco waive its right to a trial by a jury. The great weight of authority gives Rule 38(d), M.R.Civ.P. a literal interpretation and prohibits unilateral withdrawal of the demand for a jury trial without the consent of both parties. See: Forster v. Superior Court (Colo. 1971), 488 P.2d 202; Hill v. Vetter (Alaska 1974), 525 P.2d 529. We hold accordingly that where one party has made a proper demand for a jury trial, the other party may rely on it. If at a later date the demanding party desires to waive the demand, the opposing party has the right to determine whether to consent to a trial before the judge or to insist upon a jury trial.

Nor do we find any basis for the trial court to deny Safeco a jury on the grounds that this is an action in equity and thus there is no absolute right to a jury trial. Safeco's action states a claim for negligence, misrepresentation and breach of duty. Such claims are legal rather than equitable. As such, factual determinations would have been properly before a jury.

In this case, the Lovely Agency and McHenry cannot use this ruling as a basis for a new trial before a jury. They initially demanded a jury trial, but later withdrew their demand unilaterally without the consent of Safeco. A demand for trial by jury may not be withdrawn without the consent of the parties. Rule 38(d), M.R.Civ.P. Here the case was tried without a jury at the insistence of Lovely Agency and McHenry. They had their day in court and are estopped from securing another following an adverse decision on appeal.

PARI DELICTO

Paul Doran owned one of the vehicles covered by the policy, but his name did not appear as a potential insured on the application submitted to Safeco. When Safeco processed the application, a Safeco employee inserted Paul Doran's name into the application and Paul Doran's name appeared as an insured on the policy. Much was made by the trial court of the fact that Paul Doran's name was inserted into the application by a Safeco employee. Trial court ruled that act placed Safeco in pari delicto with McHenry and Lovely Agency. We find this to be error and rule as a matter of law that Safeco was not in pari delicto with McHenry and Lovely Agency.

At the time Donald Sorum was killed, Paul Doran was working on the Doran property. The accident would have been covered by the farm liability insurance regardless of whether Paul Doran's name appeared on the policy as an insured. The obligations of the parties were in no way affected by the inclusion of Paul Doran's name on the application and later on the policy of insurance. McHenry and Lovely Agency failed to establish a causal connection between the appearance of Paul Doran's name on the policy as an insured and

the loss.  Such a causal connection must necessarily exist to support a finding that Safeco was _in pari delicto_ with McHenry and Lovely Agency.

RATIFICATION

The facts of this case do not support the trial court's conclusion that Safeco ratified the unauthorized acts of McHenry and Lovely Agency.

> "[R]atification exists upon the concurrence of three elements:
>
> "(1)  acceptance by the principal of the benefits of the agent's act,
>
> "(2)  with full knowledge of the facts and,
>
> "(3)  circumstances or an affirmative election indicating an intention to adopt the unauthorized arrangement.
>
> ". . .
>
> "A requisite to the existence of ratification is good faith on the part of the person who asserts that the principal ratified the alleged agent's unauthorized act."  2A C.J.S. _Agency_ § 71.

McHenry and Lovely Agency base their argument for ratification on the fact that Safeco accepted a premium payment and renewed Doran's insurance policy.  Whatever Safeco's reason for accepting the premium and renewing the policy we note that prior to either event Safeco had already filed an action in the trial court to have the policy declared void _ab initio_.

Acceptance of the benefits of the agents' acts, in this case the premium payment, is evidence of only one element of the proof of ratification.  McHenry and Lovely Agency did not prove the other two elements essential to a ratification; that Safeco ratified with full knowledge and that circumstances show an intent of Safeco to ratify.  The act of filing an action to have a policy declared void _ab initio_ can hardly be construed as an intent to ratify that policy.

-7-

"If the principal is obliged to affirm in
order to protect himself from loss, or if
the affirmance is a result of the agent's
fraud or other similar conduct, the agent is
not relieved from his initial liability by the
affirmance . . . [T]he principal does not, by
receiving the proceeds of a breach of the agent's
duty, necessarily lose his claim against the
agent for damage caused by the breach of duty."
(Emphasis added.)  Restatement (Second) of Agency
§ 416, comment c (1958).

The judgment of the District Court is reversed.  The
cause is remanded to the District Court with directions to
enter judgment for Safeco on the issue of liability and
grant Safeco a new trial on the issue of damages.

_____
Chief Justice

We Concur:

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea did not participate.

-8-