No. 84-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

SAFECO INSURANCE COMPANY,

Plaintiff and Respondent,

-vs-

LOVELY AGENCY and DONALD E.
McHENRY,

Defendants and Appellants.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Berg, Coil, Stokes & Tollefsen, P.C.; Michael Coil
argued for McHenry, Bozeman, Montana
Morrow, Sedivy & Bennett; Douglas Harris argued for
Lovely agency, Bozeman, Montana
Kirwan & Barret; Peter M. Kirwan, (McHenry), Bozeman,
Montana

For Respondents:

Landoe, Brown Law Firm; Allen M. McGarvey argued for
Safeco Ins., Bozeman, Montana

---

Submitted:  January 22, 1985

Decided:  April 11, 1985

Filed:  APR 1 1 1985

---

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendants Lovely Agency and Donald McHenry appeal from the judgment of the Gallatin County District Court, awarding Safeco Insurance Company (Safeco) prejudgment interest, and from the court's order requiring a supersedeas bond in an amount covering the judgment and prejudgment interest. We affirm.

The issues are:

1. Is the plaintiff entitled to prejudgment interest?

2. Did the District Court abuse its discretion by requiring a supersedeas bond in an amount large enough to cover the entire judgment including prejudgment interest?

Safeco settled a claim against its insured, Leonard Doran, by paying to the estate of Donald Sorum the full amount of the policy limits, $300,000. Before settling the Sorum claim, investigation by Safeco revealed misrepresentations on the insurance applications and a forgery of Doran's signature. Safeco discovered that Donald McHenry, the agent who sold the insurance to Doran, was responsible for the forgery and the misrepresentations. After settling Sorum's wrongful death claim against Doran, Safeco sought damages from McHenry and the Lovely Agency for wrongfully issuing the insurance policy.

The Gallatin County District Court entered judgment against Safeco and for the agents, and Safeco appealed. This Court reversed the District Court's judgment, holding that Safeco was entitled to judgment as a matter of law on the issue of liability and remanding for trial on the issue of damages. Safeco Insurance Co. v. Lovely Agency (Mont. 1982), 652 P.2d 1160, 39 St.Rep. 1861. In so holding, this Court ruled that as a matter of law Safeco was not in pari delicto with McHenry and Lovely Agency. This Court also ruled that

2

Safeco did not ratify the unauthorized acts of McHenry and Lovely Agency. Safeco, 652 P.2d at 1162-63, 39 St.Rep at 1864-65. This Court remanded to the District Court with directions to enter judgment for Safeco on the issue of liability and to grant Safeco a new trial on the issue of damages.

At the trial on damages, defendants attempted to reduce Safeco's recovery below the $300,000 sum paid on the Sorum wrongful death claim. Defendants characterized their defense as a "mitigation defense." In substance, they argued that Safeco could have discovered the coverage problems and cancelled coverage prior to the loss, that Safeco should have discovered Doran's prior driving record before issuing the insurance policy, that Safeco's alleged delay in settling the claim increased the size of the settlement, that settlement by lump sum rather than structured settlement increased the amount paid, and that defendants had no opportunity to participate in settlement negotiations.

Based on the evidence presented at trial, the District Court entered findings of fact and conclusions of law. The District Court found that Sorum's estate sought damages of approximately $4,250,000 and that the amount of $750,000 alone was estimated as wages naturally earned in the deceased's normal remaining life span. The Court found that Safeco advised McHenry and Lovely Agency that Sorum's estate was demanding the policy limit of $300,000 and was demanding more from Doran individually, and that Safeco felt compelled to settle for that amount if defendants failed to respond within 5 days. The court found that Safeco had offered to settle the case for $270,000, but that offer was rejected.

The court found that Safeco did not settle the case sooner because it went to court for a determination regarding

the fraudulent statements in the insurance application and that the Sorum estate did not request settlement earlier because of its desire to first settle separate claims with Doran and Workers' Compensation. The court found that after Safeco learned of the forgery on the application it acted with reasonable diligence in settling the claim of Sorum's estate. The court found that the Sorum claim was reasonably calculated to substantially exceed the policy limits of $300,000 and that given the facts known by Safeco it acted reasonably in paying the settlement. The court further found that defendants McHenry and Lovely Agency had attempted improperly to raise in the damages trial matters bearing on the already-decided issue of liability. The court found that $300,000 was a reasonable settlement amount. Finally, the court concluded that Safeco was entitled to recover $300,000 plus interest from September 18, 1980, the date of the settlement. Our review of the transcript indicates that the findings and conclusions of the District Court are supported by substantial credible evidence.

Judgment was entered on March 5, 1984. Thereafter, motions were made to suspend the supersedeas bond requirement. After consideration of the motions, the entire case file, and companion cases arising from the same incident, the District Court denied the motion to suspend the supersedeas bond and ordered defendants to post a supersedeas bond within 15 days.

In explanation of its ruling, the court issued a memorandum addressing defendants' arguments on the supersedeas bond issue. The court rejected defendants' argument that money deposited by defendants' malpractice carrier in two companion cases was available to satisfy this judgment should Safeco prevail on appeal.

Is the plaintiff entitled to prejudgment interest?

Appellants argue that the District Court erred in awarding Safeco prejudgment interest from the date Safeco paid $300,000 in settlement of the Sorum claim. Appellants contend that the criteria for an award of prejudgment interest are not met in this case, and because the initial judgment was reversed on appeal, interest is allowable only from the date the subsequent judgment was entered. We disagree.

The criteria for an award of prejudgment interest are clear in Montana. Section 27-1-211, MCA provides:

> "Every person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover which is vested in him upon a particular day is entitled also to recover interest thereon from that day . . . ."

The three criteria which must be satisfied for an award of prejudgment interest are: (1) an underlying monetary obligation; (2) the amount of recovery must be certain or capable of being made certain by calculation and (3) the right to recover must vest on a particular day. Agrilease, Inc. v. Gray (1977), 173 Mont. 151, 160, 566 P.2d 1114, 1118-19.

Appellants argue that this case is a tort claim based on negligence, misrepresentation and breach of duty, and that prejudgment interest is disallowed in such cases as a matter of law. Appellants emphasize this Court's language in Carriger v. Ballenger (Mont. 1981), 628 P.2d 1106, 1110, 38 St.Rep. 864, 868, where the opinion suggests that an element of the prejudgment interest test is that one be entitled to recover damages for the unpaid balance of a contract or an account. Appellants contend that Safeco is not entitled to

prejudgment interest because their action is not for the unpaid balance of a contract or an account.

A careful reading of Carriger reveals that prejudgment interest was disallowed in that case because the damages were not "a sum certain," not because the action was something other than for recovery on a contract or an account. In fact, Carriger was an action for breach of contract. In holding the prejudgment interest statute, section 27-1-211, MCA inapplicable, we emphasized that "the amount of the damages due upon breach was not clearly ascertainable. . . ." 628 P.2d at 1110, 38 St.Rep. at 868.

Appellants do not cite, nor does our research disclose, any Montana cases denying prejudgment interest solely on grounds that the underlying action could be labeled a tort claim. Instead, this Court has focused primarily upon whether or not the amount was certain or capable of being made certain by calculation. In Price Bulding Service, Inc. v. Holms (Mont. 1985), 693 P.2d 553, 42 St.Rep. 84, this Court rejected the argument that prejudgment interest can be awarded only where there is an account stated or where there is a fixed contract price. We stated that the statute, § 27-1-211, MCA, "merely requires that the damages be certain, or capable of ascertainment by calculation." 693 P.2d at 559, 42 St.Rep. at 90.

Appellants argue that Safeco is not entitled to prejudgment interest because its damages were not certain or capable of being made certain by calculation as of the date Safeco paid $300,000 in settlement of the Sorum claim. Appellants contend the amount of damages is not clearly ascertainable where there is a dispute as to the amount and that no interest can run until a fixed amount has been arrived at by agreement, appraisal or judgment.

6

We conclude that Safeco's damages were certain or capable of being made certain by calculation as of September 18, 1980, when it paid $300,000 to settle the Sorum claim. The Safeco policy limit was $300,000 and there was no serious dispute whether the Sorum claim was likely to substantially exceed that amount. The District Court noted that Sorum's estate sought damages of approximately $4,250,000 and that lost wages alone were approximately $750,000. The District Court rejected appellants' attempts to reduce the $300,000 damage figure because their allegations concerned liability rather than damages. The amount of Safeco's damages was certain as of the date it paid the Sorum claim.

The fact that a claim is disputed does not make it uncertain and therefore incapable of supporting an award of prejudgment interest. Price Building Service, supra, 693 P.2d at 559, 42 St.Rep. at 90-91; North Pacific Plywood, Inc. v. Access Road Builders, Inc. (Wa.App. 1981), 628 P.2d 482, 487. Here, appellants' "mitigation" defense did not reduce the certainty of the amount of Safeco's damages, which was set by Safeco's policy limit and the payment of the policy limit in settlement of the Sorum claim.

Appellants also contend that the right to recover here did not vest on the particular day that Safeco paid the $300,000 settlement to the Sorum estate. Appellants' argument on this issue is without merit. In substance, appellants argue that the right to recover cannot vest until it is reduced to judgment. This argument leads to the absurd conclusion that there can never be an award of prejudgment interest because the right to recover can never vest before judgment. Here, the right to recover for the settlement vested on the day that Safeco paid the settlement.

Defendants argue in substance that this Court's reversal of the District Court in the first appeal of this case alters the rule regarding recovery of prejudgment interest. We disagree. The cases relied upon by appellants in this respect do not support their contention. These cases hold that where the appellate court reduces the amount of recovery on appeal, interest on the new award runs only from the date of the appellate decision. See Annotation, 4 A.L.R.3d 1221, 1222 n.2. Those cases are distinguishable because this Court's previous opinion did not address in any manner the amount of damages recoverable by Safeco. The rationale of those cases seems to be that a party should not be entitled to prejudgment interest on an amount it was never entitled to receive. Here, the amount of Safeco's damages was clear from the date the settlement was paid.

We hold that Safeco was entitled to prejudgment interest and the District Court did not err in awarding prejudgment interest from the date Safeco paid $300,000 in settlement of the Sorum claim.

## II

Did the District Court abuse its discretion by requiring a supersedeas bond in an amount large enough to cover the entire judgment including prejudgment interest?

Appellants argue that the District Court abused its discretion by requiring a supersedeas bond in an amount large enough to cover prejudgment interest. This argument is without merit in light of our conclusion that the District Court was correct in awarding prejudgment interest.

Rule 7(a), M.R.App.Civ.P. provides that a supersedeas bond shall be conditioned for satisfaction of the judgment in full together with interest, among other items. The purpose of a supersedeas bond as a condition for staying enforcement

8

and execution on a judgment is to secure the rights of the judgment creditor during the appeal process. Poulsen v. Treasure State Industries, Inc. (1979), 183 Mont. 439, 442, 600 P.2d 206, 208. In accordance with these rules, the District Court required a supersedeas bond in an amount sufficient to cover the judgment plus prejudgment interest.

Appellants nonetheless argue that a bond in a lesser amount would have protected Safeco during the appeal because $250,000, deposited in another court in companion cases, was also available to protect the interests of Safeco during appeal. Appellants further contend that the District Court abused its discretion by requiring bond in an amount which, together with the $250,000 on deposit in the companion cases, exceeded the limit of their insurer's coverage. They argue the District Court was aware that the insurer had already deposited $250,000 in the companion cases and that requiring them to post a $420,000 supersedeas bond in this case would force them to pay sums in excess of the policy limits.

The District Court carefully addressed whether the deposit of $250,000 in the companion cases should reduce the amount of the supersedeas bond in this case. The court concluded those funds were not available to satisfy this judgment and did not protect the interests of Safeco on appeal. The District Court did not act arbitrarily without employment of conscientious judgment or exceed the bounds of reason in requiring a supersedeas bond in the amount it did.

We hold the District Court did not abuse its discretion by requiring a supersedeas bond in an amount large enough to cover the entire judgment including prejudgment interest.

The judgment is affirmed.

Justice

9

We concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_Frank B. Morrison_

_L. C. Gulbrandson_

_William E. Hunt_
Justices

10