No. 91-232

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

_____

PACK AND COMPANY, INC.,

        Plaintiff, Respondent and
        Cross-Appellant,

  -vs-

MEADOW LAKE COUNTY WATER & SEWER DISTRICT;
MEADOW LAKE DEVELOPMENT CORPORATION; MEADOW
LAKE ESTATES REAL ESTATE, INC.; PETER E. TRACY,

        Defendants and Appellants.

_____


APPEAL FROM:  District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Michael H. Keedy, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Ward E. Taleff; Alexander, Baucus & Linnell, Great
          Falls, Montana


      For Respondent:

          Dana L. Christensen; Murphy, Robinson, Heckathorn &
          Phillips, Kalispell, Montana

_____

FILED

JUN -2 1992

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  May 28, 1992

Decided:  June 2, 1992

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Meadow Lake County Water and Sewer District, Meadow Lake Development Corporation, Meadow Lake Estates Real Estate, Inc., and Peter E. Tracy, appeal from a judgment of the Eleventh Judicial District Court, Flathead County, in favor of Pack and Company, Inc. We affirm in part and reverse in part. We frame the following issues for appeal:

1. Whether the District Court erred in its damage award to Pack and Co., Inc., and in awarding Pack and Co., Inc. prejudgment interest; and

2. Whether the District Court erred in finding Peter Tracy individually liable.

The dispute before us arose out of a contract between Meadow Lake County Water & Sewer District (Meadow Lake) and Pack and Co., Inc. (Pack) entered into on October 1, 1985. The contract provided that Pack construct water and sewer improvements for a golf course near Columbia Falls, Montana. Under the contract Pack was to install the necessary lines and connect those lines to the Columbia Falls facilities. The contract also involved some road paving. The written agreement required completion of the project in 90 days. The plans and specifications were in accordance with the project engineer, Carver Engineering. The specifications provided for liquidated damages of $300 per day for each day beyond the deadline until the contract work was substantially completed. Evidence presented at trial revealed that the golf season begins in March and that it was important for the work to be completed before

2

the season got underway.

On February **13, 1986,** the parties executed a written change order. This order reflected a reduction of the contract price due to a decrease in the work required. It also extended the completion date to May 1, **1986.** The project was substantially completed on July 7, **1986.**

Pack brought suit against Meadow Lake and Peter Tracy for amounts due on accounts in connection with the project. Meadow Lake counterclaimed and the District Court after a non-jury trial found in favor of Meadow Lake, granting them liquidated damages. The liquidated damages were to be deducted from the total amount Pack claimed due. The District Court then rendered net judgment in favor of Pack. Meadow Lake moved the District Court to correct mathematical errors. The motions were not ruled upon. Meadow Lake appeals.

Our standard of review in reviewing findings of fact in a non-jury matter is clearly erroneous. Interstate Production Credit Association v. DeSaye **(1991),** \_\_\_ Mont. \_\_\_, **820** P.2d **1285.**

I

Whether the District Court erred in its damage award to Pack and Co., Inc., and in awarding Pack and Co., Inc. prejudgment interest.

The District Court found that Meadow Lake was entitled to liquidated damages totaling **$15,900.00** from May **16, 1986** to July **7, 1986.** It further found that Meadow Lake waived its right to receive liquidated damages from the date of contract completion on

May 1, 1986 to May 16, 1986 when they requested extra trenching and paving work. The District Court further found that Meadow Lake was entitled to an offset of $2,244.44 to reimburse it for damage Pack had done to an electrical line. It also found Meadow Lake was entitled to an offset of $1,668.40 for unused sewer pipe. All of which totals $19,812.84.

The District Court found that Meadow Lake owed Pack money remaining on the contract with ten percent interest to the date of trial as compiled by the court, which came to $44,709.76. It appears the District Court found, based on § 31-1-106, MCA (1990), that work done over and beyond the contract was an open account subject to the applied ten percent interest. Meadow Lake retained $26,896.59 over the course of the contract payment. The District Court found that Pack was also entitled to $7,103.75 remaining on the contract.

Meadow Lake argues that the District Court made mathematical errors in its damage award. The total amount of the judgment was $44,709.76, plus the $7,103.75 remaining on the contract, for a total of $51,813.51, in favor of Pack. The total amount included prejudgment interest.

Meadow Lake contends that the District Court added back into the award "retainage" which was already included in Pack's figures of amount due. They argue this amounts to prejudgment interest and double recovery. Under the contract, Meadow Lake was entitled to retain a certain percentage of the amount from each billing. According to Meadow Lake, the retainage of $26,896.59, was

4

improperly added back.

The amount due on the contract alone, as evidenced by Pack's demand letter, and as computed using Pack's explanatory invoice is $26,896.59. After deducting the items of the finance and extra work charges, this is the same amount due as Meadow Lake agrees is the retainage. This ultimate amount due on the contract, $26,896.59, is also supported by the findings of the District Court. Therefore there is to be subtracted from the $26,896.59 the amount of $15,900.00 in liquidated damages awarded to Meadow Lake, the offsets of $2,244.44 for the damage done by Pack to the electrical line and the $1,668.40 for the credit for the unused pipe. This leaves a balance of $7,083.75 owing by Meadow Lake on the contract.

Pack's explanatory invoice indicates four invoices remain unpaid. Invoice #23120 indicates the amount due for flaging work, which is $377.45. Invoice #23195 indicates the amount due for equipment rental, which is $100.00. The amount due on the extra work, as reflected on invoice #23841, and Pack's explanation of account is $3,610.98. The amount due on the lift station work, invoice #23840, is $5,156.48. The total for the four outstanding invoices is $9,244.91. Ten percent interest on this amount is allowed. It appears from the record that the amount of the invoices was not contested, but which entity was liable was contested. The District Court found that Meadow Lake was liable, and that the remaining unpaid amounts are then subject to interest charges. We agree. Therefore, ten percent interest from the date

of the invoices to the date of judgment is allowed.

As we stated in Safeco Insurance Co. v. Lovely Agency (1985), 215 Mont. 420, 697 P.2d 1354, for prejudgment interest there must be an underlying monetary obligation, the amount of recovery must be certain or capable of being made certain by calculation and the right of recovery must rest on a certain day.  Here, all three criteria are met.  We agree with the District Court that prejudgment interest is allowable on the outstanding invoices.  We conclude the District Court made a mathematical error in its award in favor of Pack.  The District Court was clearly erroneous.  We therefore reverse and remand to the District Court for the correct calculations.

III

Whether the District Court erred in finding Peter Tracy individually liable.

The District Court concluded that the named defendants owed Pack a total of $51,813.51.  However, Pack, in its complaint demanded judgment against Peter Tracy in the sum of $974.02, which did not involve Meadow Lake.  Pack renewed its demand in its amended complaint.  Further, the pretrial order states that Pack is seeking $974.02 plus interest from Peter Tracy.

Pack did not amend its complaint to reflect it was seeking to recover individually against Peter Tracy on the amounts owed to it by Meadow Lake.  Therefore, we conclude the District Court erred in finding Peter Tracy individually liable for amounts other than reflected in the complaint, the amended complaint, and the pretrial

6

order. We therefore reverse the District Court on this issue.

Affirmed in part, reversed in part, and remanded for computation of the judgment in accordance with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

June 2, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Ward E. Taleff
Alexander, Baucus & Linnell
P.O. Box 2629
Great Falls, MT 59403

Dana L. Christensen
Murphy, Robinson, Heckathorn & Phillips
P.O. Box 759
Kalispell, MT 59903

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy