**Kenneth HOFFMAN; Donna Hoffman, guardian for Kenneth Hoffman, Plaintiffs—Appellees,**

v.

**GEICO INSURANCE COMPANY, Defendant—Appellant.**

Nos. 08–35400, 08–35863.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 2009.

Filed Sept. 24, 2009.

Ann Voris, Geiszler & Froines, PC, Missoula, MT, for Plaintiffs–Appellees.

John E. Bohyer, Fred Simpson, Esquire, Bohyer Simpson & Tranel, P.C., Missoula, MT, for Defendant–Appellant.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM *

GEICO appeals a grant of summary judgment in favor of Kenneth Hoffman and his guardian Donna Hoffman (collectively "the Hoffmans") on their claims for additional stacked underinsured motorist insurance payments after Kenneth Hoffman sustained serious injuries as a passenger in an auto accident. The district court found the Hoffmans' prior release of those claims invalid for lack of consideration. GEICO appeals, conceding that at least $670,000 in damages have now been incurred, but arguing that the Release was valid as obtained for consideration or because consideration was not required. GEICO also appeals an order awarding attorney fees and prejudgment interest to the Hoffmans. We affirm.

■ The district court correctly determined that the Release was invalid because GEICO provided the Hoffmans with no new consideration in order to obtain it. When GEICO paid the Hoffmans $100,000, it was merely fulfilling its preexisting legal duty under its contract with the Hoffmans. Although GEICO late in the game tried to change its posture on excess damages as of the time the Release was obtained, it twice formally conceded the damages issue, once in its original Answer and again in its response to a specific Interrogatory. The district court did not err by preventing GEICO from amending its judicial admis-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

sion after discovery closed. *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir.1988) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.") (quotations omitted).

GEICO also argues that it was not required to give new consideration for a valid release because of Montana Code Annotated ("MCA") § 28–1–1601, which states that "[a]n obligation is extinguished by a release therefrom given to the debtor by the creditor upon a new consideration or in writing, with or without new consideration." The district court correctly ruled that this provision does not apply here. The plain language of the statute removes the requirement for consideration only in the context of a debtor-creditor relationship.

Although the Montana Supreme Court once cited a previous version of this statutory language in an insurance case, it did so only to support its general observation that a release is a form of contract and subject to similar defenses. *See Westfall v. Motors Ins. Corp.,* 140 Mont. 564, 374 P.2d 96, 98 (1962). *Westfall* did not actually hold that an insurance obligation creates a debtor-creditor relationship subject to the statute and apparently only cited the statutory language to demonstrate the legislature's belief that releases should be treated like other contracts, with limited exceptions.

Moreover, it is doubtful that the Montana legislature intended the word "debtors," which is defined in the "Credit Transactions and Relationships" section of the Montana Code, to apply to all insured individuals owed money under their insurance policies. MCA § 28–1–1601 appears designed to facilitate creditors' ability to release debtors from their obligations, which must necessarily be done without consideration in many situations, such as where debtors are insolvent. Where debtors owe money to banks or other traditional "creditors," the normal policy rationales for requiring new consideration for a release apply with far less force because such creditors typically know their rights, have counsel, and are unlikely to enter into written agreements due to undue influence, coercion, or fraud.

In the insurance context, however, the insured is not in the same situation. As in this case, the insured often does not have counsel or extensive prior experience with similar transactions. Therefore, interpreting MCA § 28–1–1601 in light of the "enhanced fiduciary obligation" owed by an insurance company to its insured under Montana precedent, *see Mountain West Farm Bureau Mutual Ins. Co. v. Brewer,* 315 Mont. 231, 69 P.3d 652, 660 (2003), we affirm the district court's holding that new consideration was required under Montana law for release of the Hoffmans' insurance claims.

Two years after the Release was signed, the Montana Supreme Court held that Montana's anti-stacking statute was unconstitutional. *Hardy v. Progressive Specialty Ins. Co.,* 315 Mont. 107, 67 P.3d 892 (2003). Under *Dempsey v. Allstate Ins. Co.,* 325 Mont. 207, 104 P.3d 483, 490 (2004), however, the Montana Supreme Court limited the retroactive application of *Hardy* "to cases pending on direct review or not yet final." Even assuming *Dempsey* does limit *Hardy's* application not only to claims that were fully adjudicated before *Hardy,* but also to claims validly settled at that time, the district court did not err by applying *Hardy* to the Hoffmans' "case," which was filed after *Hardy* was decided. As discussed above, the Hoffmans' "claims" were in fact "open." They were never validly "settled" prior to *Har-*

*dy* because of the lack of consideration for their release. Consequently, *Hardy's* application to their claims is prospective, not retroactive.

■ Nor did the district court abuse its discretion by awarding the Hoffmans attorney fees under the equitable "insurance exception" to the American Rule because they filed the present action to "obtain the full benefit" of their insurance coverage and were in privity of contract with GEICO. *Brewer*, 69 P.3d at 660; *Sampson v. Nat'l Farmers Union*, 333 Mont. 541, 144 P.3d 797, 801 (2006) (exception applies to first party actions where there is privity of contract).

■ The district court also did not abuse its discretion by awarding the Hoffmans prejudgment interest under MCA § 27–1–211. Although GEICO was not a "debtor" to the Hoffmans when the Release was signed, the nature of GEICO's obligation to the Hoffmans changed on April 18, 2007, when the Hoffmans and GEICO stipulated that the damages sustained by Kenneth exceeded the $300,000 in "stacked" limits of underinsured motorist coverage. At that point, the uncontested facts gave rise to GEICO's obligation to the Hoffmans for the certain sum of $200,000 of additional benefits, subject only to legal defenses. *See Montana Petroleum Release Compensation Bd. v. Crumleys, Inc.*, 341 Mont. 33, 174 P.3d 948, 965 (2008) (stating that MCA § 27–1–211 allows recovery of prejudgment interest when an underlying monetary obligation exists, the amount of recovery can be made certain, and the right to recover vests on a particular day); *see also Swank Enters. v. All Purpose Servs., Ltd.*, 336 Mont. 197, 154 P.3d 52, 58 (2007) (" '[T]he fact that a claim is disputed does not make

it uncertain,' as long as the damage amount is reduced to certainty on a particular day." (quoting *Safeco Ins. Co. v. Lovely Agency*, 215 Mont. 420, 697 P.2d 1354, 1357 (1985))).

**AFFIRMED.**

BYBEE, Circuit Judge, dissenting:

I respectfully dissent. Even assuming that the Release was invalid, the Hoffmans cannot bring this breach of contract suit against GEICO under Montana law.

When GEICO paid the Hoffmans $100,000 on July 5, 2001, that sum was the entire amount available under the Hoffmans' insurance contract under then-existing Montana law, which prohibited stacking.[1] Accordingly, the Hoffmans' claim with GEICO was closed by accord and satisfaction on July 5, 2001, regardless of the validity of any accompanying Release. In 2003, two years after GEICO paid the full amount of the Hoffmans' insurance policy available under then-applicable law, the Montana Supreme Court held Montana's anti-stacking statute to be unconstitutional, *Hardy v. Progressive Specialty Ins. Co.*, 315 Mont. 107, 67 P.3d 892 (2003), but left open whether *Hardy's* holding retroactively applied to already-paid claims. In 2004, the Montana Supreme Court squarely addressed the *Hardy* retroactivity issue, stating:

> [W]e conclude that *Hardy* applies retroactively to require payment of stacked uninsured, underinsured motorist and medical payment insurance coverages in qualifying circumstances on open claims arising before its issuance. However, in the interests of finality … we limit this retroactivity to cases pending on direct review or not yet final.

1. As the majority explains, GEICO's $100,000 payment "provided the Hoffmans with no new consideration," maj. op. at 296, and

"merely fulfill[ed GEICO's] preexisting legal duty under its contract with the Hoffmans." *Id.*

*Dempsey v. Allstate Ins. Co.*, 325 Mont. 207, 104 P.3d 483, 490 (2004).

In my view, *Dempsey* makes plain that *Hardy* retroactivity does not apply to the Hoffmans' fully-paid claim. First, the plain meaning of the phrase "open claims" should not be read to include claims *paid in full under then-prevailing law;* accord and satisfaction of an insurance claim does not leave that claim "open" under any commonsense understanding of the term. Moreover, by using a limiting phrase— "[h]owever, in the interests of finality . . ."—the *Dempsey* court signaled that its second sentence was intended not to *restate* the first, but to *limit* it in a material way. The second sentence ultimately prescribes just such a limitation: "we limit this retroactivity to *cases* pending on direct review or not yet final." 104 P.3d at 483 (emphasis added). Having used "claims" just one sentence before, and given the importance of "claims" versus "cases" in the insurance context, the Montana Supreme Court's use of the word "cases" instead of "claims" cannot be presumed to be unintentional. Although the word "cases" is certainly open to more than one meaning as a general matter, in using the phrase "cases pending on direct review or not yet final" in *Dempsey,* the Montana Supreme Court intended to refer only to judicial actions already pending in a court of first instance or on direct appeal.

My reading is bolstered by the fact that *Dempsey* emphasized "the interests of finality." Montana has an eight-year statute of limitations on breach of contract claims, *see* MCA 27–2–202(1), so at the time *Dempsey* was decided in 2004, every single UIM claim paid, but not sued-upon, since the enactment of Montana's anti-stacking statute in 1997 would have been open to a *Hardy*-retroactivity lawsuit under the majority's interpretation of *Demp-*

*sey.* If the Montana Supreme Court intended *Hardy* to apply retroactively to every single non-sued-upon UIM claim paid under the anti-stacking regime, it could have said so explicitly. I do not know how many UIM claims were paid in Montana from 1997 through 2003, but issuing a ruling inviting a lawsuit by each and every such claimant does not accord with "the interests of finality."

In sum, because GEICO paid the Hoffmans' claim in full under then-existing Montana law, and a subsequent change in the applicable law was not made retroactive to claims such as the Hoffmans', I would reverse the district court's grant of summary judgment to the Hoffmans and order that court to enter summary judgment in favor of GEICO dismissing the complaint.