MEMORANDUM *
GEICO appeals a grant of summary judgment in favor of Kenneth Hoffman and his guardian Donna Hoffman (collectively “the Hoffmans”) on their claims for additional stacked underinsured motorist insurance payments after Kenneth Hoffman sustained serious injuries as a passenger in an auto accident. The district court found the Hoffmans’ prior release of those claims invalid for lack of consideration. GEICO appeals, conceding that at least $670,000 in damages have now been incurred, but arguing that the Release was valid as obtained for consideration or because consideration was not required. GEICO also appeals an order awarding attorney fees and prejudgment interest to the Hoffmans. We affirm.
The district court correctly determined that the Release was invalid because GEICO provided the Hoffmans with no new consideration in order to obtain it. When GEICO paid the Hoffmans $100,000, it was merely fulfilling its preexisting legal duty under its contract with the Hoffmans. Although GEICO late in the game tried to change its posture on excess damages as of the time the Release was obtained, it twice formally conceded the damages issue, once in its original Answer and again in its response to a specific Interrogatory. The district court did not err by preventing GEICO from amending its judicial admis *297 sion after discovery closed. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir.1988) (“Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.”) (quotations omitted).
GEICO also argues that it was not required to give new consideration for a valid release because of Montana Code Annotated (“MCA”) § 28-1-1601, which states that “[a]n obligation is extinguished by a release therefrom given to the debtor by the creditor upon a new consideration or in -writing, with or without new consideration.” The district court correctly ruled that this provision does not apply here. The plain language of the statute removes the requirement for consideration only in the context of a debtor-creditor relationship.
Although the Montana Supreme Court once cited a previous version of this statutory language in an insurance case, it did so only to support its general observation that a release is a form of contract and subject to similar defenses. See Westfall v. Motors Ins. Corp., 140 Mont. 564, 374 P.2d 96, 98 (1962). Westfall did not actually hold that an insurance obligation creates a debtor-creditor relationship subject to the statute and apparently only cited the statutory language to demonstrate the legislature’s belief that releases should be treated like other contracts, with limited exceptions.
Moreover, it is doubtful that the Montana legislature intended the word “debtors,” which is defined in the “Credit Transactions and Relationships” section of the Montana Code, to apply to all insured individuals owed money under their insurance policies. MCA § 28-1-1601 appears designed to facilitate creditors’ ability to release debtors from their obligations, which must necessarily be done without consideration in many situations, such as where debtors are insolvent. Where debtors owe money to banks or other traditional “creditors,” the normal policy rationales for requiring new consideration for a release apply with far less force because such creditors typically know their rights, have counsel, and are unlikely to enter into written agreements due to undue influence, coercion, or fraud.
In the insurance context, however, the insured is not in the same situation. As in this case, the insured often does not have counsel or extensive prior experience with similar transactions. Therefore, interpreting MCA § 28-1-1601 in light of the “enhanced fiduciary obligation” owed by an insurance company to its insured under Montana precedent, see Mountain West Farm Bureau Mutual Ins. Co. v. Brewer, 315 Mont. 231, 69 P.3d 652, 660 (2003), we affirm the district court’s holding that new consideration was required under Montana law for release of the Hoffmans’ insurance claims.
Two years after the Release was signed, the Montana Supreme Court held that Montana’s anti-stacking statute was unconstitutional. Hardy v. Progressive Specialty Ins. Co., 315 Mont. 107, 67 P.3d 892 (2003). Under Dempsey v. Allstate Ins. Co., 325 Mont. 207, 104 P.3d 483, 490 (2004), however, the Montana Supreme Court limited the retroactive application of Hardy “to cases pending on direct review or not yet final.” Even assuming Dempsey does limit Hardy’s application not only to claims that were fully adjudicated before Hardy, but also to claims validly settled at that time, the district court did not err by applying Hardy to the Hoffmans’ “case,” which was filed after Hardy was decided. As discussed above, the Hoff-mans’ “claims” were in fact “open.” They were never validly “settled” prior to Har *298 dy because of the lack of consideration for their release. Consequently, Hardy’s application to their claims is prospective, not retroactive.
Nor did the district court abuse its discretion by awarding the Hoffmans attorney fees under the equitable “insurance exception” to the American Rule because they filed the present action to “obtain the full benefit” of their insurance coverage and were in privity of contract with GEICO. Brewer, 69 P.3d at 660; Sampson v. Nat’l Farmers Union, 333 Mont. 541, 144 P.3d 797, 801 (2006) (exception applies to first party actions where there is privity of contract).
The district court also did not abuse its discretion by awarding the Hoff-mans prejudgment interest under MCA § 27-1-211. Although GEICO was not a “debtor” to the Hoffmans when the Release was signed, the nature of GEICO’s obligation to the Hoffmans changed on April 18, 2007, when the Hoffmans and GEICO stipulated that the damages sustained by Kenneth exceeded the $300,000 in “stacked” limits of underinsured motorist coverage. At that point, the uncontested facts gave rise to GEICO’s obligation to the Hoffmans for the certain sum of $200,000 of additional benefits, subject only to legal defenses. See Montana Petroleum Release Compensation Bd. v. Crumleys, Inc., 341 Mont. 33, 174 P.3d 948, 965 (2008) (stating that MCA § 27-1-211 allows recovery of prejudgment interest when an underlying monetary obligation exists, the amount of recovery can be made certain, and the right to recover vests on a particular day); see also Swank Enters. v. All Purpose Servs., Ltd., 336 Mont. 197, 154 P.3d 52, 58 (2007) (“ ‘[T]he fact that a claim is disputed does not make it uncertain,’ as long as the damage amount is reduced to certainty on a particular day.” (quoting Safeco Ins. Co. v. Lovely Agency, 215 Mont. 420, 697 P.2d 1354, 1357 (1985))).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.