ORIGINAL

FILED

12/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0632

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0632

_____

RUSSELL WADDELL and CASEY MAGAN,

Plaintiffs and Appellants,

v.

PAUL STUDER, RACHAEL STUDER, and the
SUMMER RIDGE HOMEOWNERS'
ASSOCIATION, a Montana non-profit
corporation,

Defendants and Appellees.

ORDER

FILED

DEC 23 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

Appellants Russell Waddell and Casey Magan (collectively "the Waddells") move this Court for relief from the Eighteenth Judicial District Court's November 20, 2024 Order Re Security Other Than Supersedeas Bond in Gallatin County Cause No. DV-20-1267A, pending the resolution of this appeal before this Court. Appellees Paul Studer and Rachael Studer (collectively "the Studers"), and the Summer Ridge Homeowners' Association ("Summer Ridge") oppose the Waddells' motion.

On October 18, 2024, the District Court dismissed the Waddells' claims and entered Judgment in favor of the Studers and Summer Ridge. The court ordered that the Waddells pay the Studers' attorney fees and costs of $98,971.96, plus post-judgment interest, and Summer Ridge's attorney fees and costs of $318,636.41, plus post-judgment interest.

The Waddells filed their Notice of Appeal on October 24, 2024. They further moved the District Court to stay its judgment pending appeal pursuant to M. R. App. P. 22(1)(a)(i). M. R. App. P. 22(1)(b) requires that an appellant desiring a stay of execution must post a supersedeas bond unless the opposing party or parties waives the requirement, which the Studers and Summer Ridge have not done. Instead, the Waddells asked the District Court

to allow alternative forms of security in lieu of a bond, as provided in M. R. App. P. 22(5)(a). Specifically, the Waddells asked the court to use their home equity as security.

After briefing and a hearing, the District Court denied the Waddells' request to allow alternative forms of security. The court found that the Waddells' equity in their home is insufficient to cover the full amount of the judgment and that their equity is further subject to prior security interests and mortgages, including a homestead exemption and a line of credit. The court observed that the Waddells had not provided details regarding the maximum amount or their anticipated utilization of the line of credit. The court further noted that, between 2013 and 2020, at least six notices of trustee sales were recorded on this property.

The District Court concluded that the Waddells did not demonstrate good cause for the court to exercise its discretion and allow them to use their home equity as security in lieu of a supersedeas bond. It concluded that their lack of other assets and the number of times their property was at risk demonstrates that the property is not suitable as security for the present judgment. Relying on *Poulsen v. Treasure State Indus.*, 183 Mont. 439, 600 P.3d 206 (1979), the court reasoned that it would not be justified in accepting the property as security because commercial bonding companies had found it insufficient to secure a supersedeas bond.

The Waddells now move this Court to provide them relief from the District Court's ruling pursuant to M. R. App. P. 22(2). They assert that the District Court erred in concluding they have insufficient equity in the property. They allege that the home's taxable value, minus its encumbrances and its homestead exemption, leaves enough equity in the home to cover the judgment liens, along with sufficient additional equity to cover future fees, costs, and post-judgment interest.

M. R. App. P. 22(5)(a) provides that in cases in which a supersedeas bond is otherwise required, "the court, in its discretion, may allow alternative forms of security other than a bond, when adequate equivalent security is provided and the appealing party can show that the judgment creditor's recovery is not in jeopardy." We thus consider

2

whether the District Court abused its discretion in denying the Waddells' request to use alternative forms of security instead of a supersedeas bond.

A court abuses its discretion if it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in a substantial injustice. *In re Marriage of Jackson*, 2008 MT 25, ¶ 9, 341 Mont. 227, 177 P.3d 474. Having reviewed the parties' submissions, we conclude that the court acted within its discretion in determining that the Waddells' proffered alternate security was an inadequate alternative to a supersedeas bond. The District Court's order explains its reasoning and the Waddells have not demonstrated from the record that the court acted arbitrarily or exceeded the bounds of reason in denying their request.

Under Rule 22(2)(a), upon the grant or denial of a motion to stay judgment or order of the district court pending appeal pursuant to Rule 22(1)(a)(i), a party may move for relief from that order in this Court. The movant further must demonstrate good cause for the relief requested, supported by affidavit. The Waddells have not done so in this case.

IT IS THEREFORE ORDERED that Appellants' M. R. App. P. 22(2)(a) motion is DENIED.

The Clerk is directed to provide copies of this order to all counsel of record and to Hon. Peter Ohman, presiding.

DATED this 23rd day of December, 2024.

_____
Chief Justice

_____
_____
_____
_____
Justices

3