No. 87-51

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

MAXINE H. BYRNE, and J. MICHAEL
BYRNE, co-personal Representatives
of the Estate of JAMES BYRNE,

        Plaintiffs and Appellants,

-vs-

TERESA M. TERRY,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Milodragovich, Dale & Dye; Kim L. Ritter, Missoula,
Montana

    For Respondent:

        Garnaas, Hall & Pinsoneault; H.L. Garnaas, Missoula,
Montana

---

Submitted on Briefs:  July 30, 1987

Decided:  September 16, 1987

Filed:  SEP 16 1987

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Maxine Byrne and J. Michael Byrne, acting as co-personal representatives of the estate of James Byrne, appeal a judgment of the Fourth Judicial District in and for the County of Missoula that awarded the estate $42,000 in commission fees as detailed in a note signed by Teresa Terry but that specifically refused to award interest. The judgment was issued September 8, 1986; the memorandum refusing to reconsider the question of an award of interest was issued December 8, 1986.

We affirm in part and reverse in part. We remand the matter to the District Court for proceedings to award interest.

James Byrne served as a realtor for Terry when she entered into a contract for deed on November 6, 1978 to buy some 400 acres of property in Ravalli County. In that contract she agreed to pay James Byrne's commission. She signed a handwritten note on May 28, 1979 in which she agreed to pay James Byrne $42,000 in commission from the resale of parcels of the acreage. One clause of the note said James Byrne would not charge Terry interest. The relevant portion of the note reads:

> [w]hereas J. Byrne has requested at this time a note be signed for a total of Forty-two Thousand and no/100 dollars ($42,000.00), ~~comprised-of seven-(7%)-of the-total-sales-price-of-six-hundred thousand-dollars-($600,000);-and-whereas J.-Byrne-has-stated-there-will-be-no interest-charged;~~ and whereas J. Byrne has stated that payments of this commission will be made from the assigning of portions of the funds received from the sales of parcels of the purchased property; I therefore promise to pay Forty-two Thousand and no/100 dollars ($42,000.00) as set forth above.

2

s/Teresa M. Terry

(Lineouts appear on the original.)

On September 24, 1979, Terry sold 352 acres of the property. Terms were $50,000 payable on that date, $100,000 due on January 31, 1980 and the remaining $450,000, subject to 8½% interest, due January 1, 1990. Terry transferred her remaining interest on May 16, 1980 pursuant to an agreement that required the transferees to assume all of Terry's obligations, including the resolution of a claim for $42,000 in commission fees by the James Byrne estate. (James Byrne had died October 30, 1979.) Terry retained 19 acres as security that the transferees would settle the claim. The co-personal representatives, ignorant of the attempted transfer of the obligation, presented the note to Terry. When she refused to honor it, this litigation arose.

The District Court, sitting without a jury, heard the evidence on February 24, 1986. The court found that the writing signed by Terry was a promissory note demonstrating an obligation to pay $42,000 as commission fees when the acreage was resold. It found that substantially all of the property was resold on September 24, 1979 and that Terry received $50,000 in partial consideration of that sale on that date. The court concluded that the note became payable on September 24, 1979 because of the resale of the property, and entered judgment accordingly.

The co-personal representatives moved for reconsideration of the matter in order to obtain interest on the debt. They claimed they were due 8% interest per year as spelled out in a preprinted, typewritten note that had not been presented into evidence and did not contain Terry's signature. Otherwise, they claimed they still would be entitled to the statutory rate of interest.

3

Terry also asked the court to reconsider its findings of fact and conclusions of law. She argued to the District Court that plaintiff had failed to prove that she had received any payments on the November 1979 contract or that the proceeds of that contract were intended to pay the $42,000 commission. She now adds the argument that the commission fee is not due since the final payments on the November 1979 contract are not due until January 1990.

The District Court denied the motions to reconsider. In its memorandum of December 8, 1986, the court discounted the provisions of the note referred to by the co-personal representatives. The court wrote:

> There was no copy of the note attached to the Motion. However, referring to the copy of the note which is an exhibit, there is no mention whatsoever of interest except a provision " . . . and whereas J. Byrne has stated there will be no interest charged," . . . The note is payable upon the happening of a contingency and therefore is not payable at a date certain.

The question of whether interest is appropriate may be resolved through the examination of several statutes, §§ 27-1-211, 27-1-312, and 31-1-106, MCA. These statutes indicate that interest was owed and should have been awarded. Co-personal representatives of the estate base their claim on § 27-1-211, MCA, which reads:

> Every person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover which is vested in him upon a particular day is entitled also to recover interest thereon from that day except during such time as the debtor is prevented by law or by the act of the creditor from paying the debt.

A party must satisfy three criteria to be eligible for prejudgment interest under § 27-1-211, MCA. Those criteria

4

are (1) an underlying monetary obligation; (2) the amount of recovery is certain or capable of being made certain by calculation; and (3) the right to recover the obligation vests on a particular day. Agrilease Inc. v. Gray (1977), 173 Mont. 151, 160, 566 P.2d 1114, 1118-19. The three criteria were satisfied in Agrilease even though the obligation was not due on a specific date, but rather when an irrigation system was completed. Thus, the three criteria are satisfied in the case before this Court: the underlying monetary obligation of $42,000 was due and payable on the day that Terry entered into a contract to sell the acreage.

That Terry disputes she was responsible for the obligation when the Byrne estate presented the note does not save Terry. The fact that a claim is disputed does not make it uncertain and thus unable to support an award of prejudgment interest. Safeco Insurance Co. v. Lovely Agency (Mont. 1985), 697 P.2d 1354, 1357, 42 St.Rep. 509, 513. Terry's assertion that the right to recover did not vest in the Byrne estate because there was no date specified is untenable. The date for payment of the debt was specified as the date on which parcels of property were sold, and that date arose September 24, 1979, when the bulk of the property was sold. Thus, it constitutes a date certain. Agrilease, 566 P.2d at 1118; Safeco, 697 P.2d at 1357.

When the debtor knows of his debt and also knows when it is due, "no demand is necessary to start the running of interest from the date the payment should have been made." W.J. Lake & Co. v. Montana Horse Products Co. (1939), 109 Mont. 434, 443, 97 P.2d 590, 594, citing 33 C.J. 237 note 61 (now 47 C.J.S. Interest § 46 c). Therefore when Terry sold the bulk of the property on September 24, 1979, she triggered § 27-1-211, MCA. On that date she owed the Byrne estate $42,000 and she did not pay it. No demand was required by the Byrne estate to enforce her obligation on that day.

5

Thus, it makes no difference whether Terry delegated her duty to pay the commission in May 1980 since she was required by her actions of September 24, 1979 to pay the commission.

The rationale behind § 27-1-211, MCA, is well summarized in Price Building Services, Inc. v. Holms (Mont. 1985), 693 P.2d 553, 559-60, 42 St.Rep. 85, 92, which states that prejudgment interest is to be awarded unless either the law or the creditor prevents the payment of principal. Neither the force of law nor the acts of the Byrne estate prevented Terry from paying the $42,000 commission fee; she simply refused to honor her obligation.

> [Section] 27-1-211, MCA, is not a discretionary statute. Rather, it mandates interest as long as the legal situation fits within the broad guidelines of the statute. Determining whether a cause of action fits within the framework of the statute, particularly the question of whether the claim is determined or can be determined by calculation, is not always an easy one. However, the overriding purpose of the statute can be best preserved if it is remembered that its purpose is to fully compensate the injured party for the loss of use of his money during the period in which a valid claim was not paid. We believe . . . that the objective of fully compensating the injured party, and that is the primary objective of the prejudgment interest statute, should predominate over other equitable considerations. If the legislature has chosen to provide a right to prejudgment interest (§ 27-1-211), the primary objective of the courts, where possible, should be to award prejudgment interest.

Price Building Service, Inc., 693 P.2d at 559-560.

We reaffirm the notion that the "primary objective" of § 27-1-211, MCA, is to fully compensate the party who has been deprived of funds that are rightfully his. This is corroborated by statute. Section 27-1-312, MCA, provides

6

that the remedy for a breach of an obligation to pay money is "the terms of the obligation with interest thereon." The appropriate interest to be charged of Terry on her obligation is ascertainable from § 31-1-106, MCA. That section prescribes interest of 6% from the date of breach thereafter to October 1, 1985, when § 31-1-106, MCA, was amended to provide for interest at the rate of 10%.

We affirm the District Court's September 8, 1986 judgment awarding $42,000 to the Byrne estate. However, we reverse that court's order of December 8, 1986 refusing interest. We remand the Byrne estate's request for interest to the District Court for proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices