No. 89-480

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF
LOIS A. MANNIX, n/k/a   LOIS AUSTIN,

       Petitioner and Respondent,

   and

RALPH E. MANNIX, JR.,

       Petitioner and Appellant.


APPEAL FROM:   District Court of the Third Judicial District,
               In and for the County of Powell,
               The Honorable John Henson, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Byron W. Boggs, Missoula, Montana

     For Respondent:

     Kerry N. Newcomer; Geiszler & Newcomer, Missoula,
     Montana


Submitted on Briefs:   Feb. 15, 1990

Decided:   March 27, 1990

Filed:

_____
             Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Appellant Ralph E. Mannix Jr. (Mannix) appeals the order issued by the Fourth Judicial District Court, Missoula County, granting Lois A. Mannix, now Lois Austin (Austin), interest on the sum of $5,050.00. The District Court ordered Mannix to pay Austin interest from January 20, 1982, to August 8, 1989, on a $5,050.00 principal obligation created by the parties' Property Settlement and Custody Agreement. Mannix now appeals the District Court order. We affirm.

Mannix's issue on appeal can be summarized as follows:

**Did the District Court err by awarding Austin interest on a debt created by the parties' property settlement agreement?**

Austin and Mannix were married on November 28, 1964. On August 20, 1981 they were granted a legal separation. The parties entered into a Property Settlement and Custody Agreement on January 20, 1982, as part of a Joint Petition for Dissolution. On January 21, 1982, the District Court issued a final decree, incorporating the parties' Property Settlement and Custody Agreement. The property settlement provided that Mannix pay $5,050.00 to Austin for her interest in a Deer Lodge residence. The payment was due upon sale of the property.

After the dissolution of the marriage, Mannix never listed the property for sale or made the $5,050.00 payment to Austin. According to the record, Mannix allegedly either rented or loaned the premises to relatives and made no attempt to sell it. Despite demands by Austin for payment, Mannix refused to make the payment provided by the Agreement and Decree to Austin.

In September of 1988, Austin filed a petition with the District Court, in which she requested, among other things, payment of the $5,050.00, recovery of interest on that amount from January 20, 1982 and her attorney fees. Mannix responded denying any

2

obligation to pay the principal sum. He claimed that since the property had never been listed for sale and that payment was due upon sale, the $5,050.00 payment was not due Austin.

Subsequently, Austin served Mannix with a number of interrogatories and requests for production to establish Mannix's ability to pay the $5,050.00 during the years after the dissolution of the marriage. Although Mannix admitted that the residence had never been offered for sale, he refused to answer Austin's other discovery requests and refused to comply with orders compelling discovery. On March 16, 1989, the District Court ordered immediate payment of $5,050.00 due Austin, and awarded Austin her attorney's fees and costs. On April 11, 1989, Mannix paid the $5,050.00 and attorney's fees as ordered by the District Court.

The District Court also ordered a hearing to determine, among other things, whether Austin was entitled to interest on the $5,050.00 and on what date such interest would commence if allowable. The District Court found, on August 8, 1989, that "Ralph E. Mannix Jr., shall pay to Lois Austin interest on $5,050.00 at the rate of 10% per annum from January 20, 1982, the original date of judgment, to the date of this order . . .." Mannix now appeals the District Court's August 8th order awarding interest to Austin.

I

**Did the District Court err by awarding Austin interest on a debt created by the parties' property settlement agreement?**

An obligation arises either from the contract of the parties or by operation of law. Section 28-1-102, MCA. In this case, the obligation arose under contract, i.e., the parties' Property Settlement Agreement. The contract clause in the Agreement at issue in this case stated the following:

> 1. It is agreed that Ralph E. Mannix, Jr., shall purchase the interest of Lois A. Mannix [Austin] in said property for the sum of FIVE THOUSAND FIFTY and no/100 DOLLARS ($5,050.00). <u>Said payment shall be made upon sale of the house</u>. [Emphasis added.]
>
> 2. Should any action be commenced to enforce, modify or

3

interpret any provision contained herein, the Court, as a cost of suit, shall award a reasonable attorney's fee to the successful party.

This language requires Mannix to purchase Austin's interest in the Deer Lodge residence for $5,050.00. Payment, according to the Agreement was to be delayed until the sale of the house. Austin contends the Agreement clearly contemplated the residence would be offered for sale; however, the obligation and the amount of money due Austin were fixed at the time of the Agreement. This obligation was incorporated as part of the Final Decree dissolving the parties' marriage.

In contrast, Mannix contends Austin's right to receive the $5,050.00 occurred upon the sale of the house. We disagree with Mannix, and adopt the District Court finding that Austin's right to receive the $5,050.00 occurred on January 21, 1982, the date of the Final Decree. The District Court's Decree of January 21, 1982, vested in Austin the right to receive payment of the $5,050.00. Even though the payment was to be paid in the future, i.e., upon the sale of the house, the right to that money vested on the day the court entered the Final Decree.

Clearly Mannix is obligated to pay interest on the $5,050.00 he owes Austin. Rule 54(a), M.R.Civ.P. states "A judgment is the final determination of the rights of the parties in an action or proceeding and as used in these rules includes a decree . . ." The 1982 Decree in this case was the final determination of the rights of the parties, and therefore a judgment. Rule 54(a), M.R.Civ.P. Under the Decree or Judgment, Mannix became obligated to pay Austin

$5,050.00 in 1982. As we have stated in In re the Marriage of Knudson (1981), 191 Mont. 204, 208, 622 P.2d 1025, 1027, once a person is liable for a money judgment, and payment is not made, the person entitled to the judgment is further entitled to a fair rate of interest. According to § 25-9-205, MCA, interest is payable at a rate of 10% per annum. Section 25-9-205, MCA, applies to judgments in marital dissolution cases, such as this one, where the decree is silent about interest. In re the Marriage of Martens (1981), 196 Mont. 71, 76, 637 P.2d 523, 526; Williams v. Budke (1980), 186 Mont. 71, 79, 606 P.2d 515, 519. Accordingly, we adopt the District Court finding that Mannix owes Austin interest on the $5,050.00 obligation, at a rate of 10% per annum. However, the interest awarded should be paid for the period from January 20, 1982 through April 11, 1989, instead of August 8, 1989, as ordered by the District Court.

Despite this clear obligation to pay interest to Austin, Mannix argues that Austin's right to receive the $5,050.00 did not vest on a "particular day" as specified under the statute for prejudgment interest. Section 27-1-211, MCA. Section 27-1-211, MCA, provides:

> Right to interest. Every person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover which is vested in him upon a particular day is entitled to recovery interest and thereon from that day . . .

Mannix's reliance on § 27-1-211, MCA, is unappropriate in this case, since the issue here concerns "post judgment" interest, rather than prejudgment interest under § 27-1-211, MCA.

Accordingly, we affirm the District Court's order, and award Austin attorney's fees and costs incurred in this appeal to be fixed by the District Court.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6