No. 97-344

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


RAYMOND P. TIPP, THOMAS W. FRIZZELL
and RICHARD R. BULEY,

Plaintiffs and Appellants,

v.

DOUGLAS G. SKJELSET,

Defendant and Respondent.



APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Richard R. Buley; Tipp & Buley, Missoula, Montana

For Respondent:

John H. Gilliam; Skjelset & Gilliam, Missoula, Montana



Submitted on Briefs: October 10, 1997

Decided:   October 30, 1997
Filed:


_____
Clerk


Justice W. William Leaphart delivered the Opinion of the Court.

The law firm of Tipp, Frizzell and Buley (TFB) appeals from the Findings of Fact, Conclusions of Law, Order and Judgment of the Fourth Judicial District Court, Missoula County, the Honorable John W. Larson presiding.  We affirm the judgment of the District Court.

The following background is based upon the District Courtþs findings of fact:

As of May 1979, Raymond Tipp (Tipp), personally, owned an undivided 44% interest in a contract to purchase the real estate located at 2200 Brooks Street, Missoula, Montana, known as the Guardian Building.  In June of 1979, Doug Skjelset (Skjelset) became involved in the ownership when he, without any contribution from Tipp, provided a down payment of $19,000 so that he and Tipp could acquire the remaining 56% interest in the contract to purchase the real estate.

Following acquisition of 100% of the contract interest, Tipp and Skjelset formed a partnership which treated Tipp and Skjelset as equal partners for purposes of income and expenses related to the Guardian Building property.  The remaining debt on the contract held  by Tipp individually and the contract held by Tipp and Skjelset jointly was paid off on this 50/50 basis.  Income, expenses, insurance and leases on the real estate were also divided equally.

This litigation began in 1989 when TFB filed a complaint alleging that Doug Skjelset, a former partner in the law firm, had breached an agreement between the parties as to the distribution of partnership assets upon dissolution.  As the result of a mandatory settlement conference, a settlement agreement was reached.  The District Court thereupon closed the file pending final execution of the settlement.  When the parties subsequently disagreed as to the meaning of the agreement, TFB brought a motion to compel the enforcement of the settlement agreement and for appointment of a receiver.

The settlement agreement provided that Skjelset owed the sum of $30,000 to TFB. This amount was to be credited against the TFB purchase of Skjelsetþs interest in the Guardian Building property.  Before the agreement was performed, the building was damaged by fire in March of 1996.  Subsequent to the fire, the parties agreed that as of March 18, 1996, the day before the fire, the value of the real estate was $325,000.

In the District Court, TFB contended, as it does on appeal, that since the 1979 deed to Tipp and Skjelset for the purchase of the 56% was in cotenancy, Skjelset has only a one-half interest in the 56%, or 28%; and that Tipp has a 72% interest (44% plus 28%).  Skjelset contended that the real estate was owned by a partnership and that Skjelsetþs interest should be based upon the parties' relative capital accounts in the partnership.  The court rejected both contentions and found that, although the partiesþ

interests had not, in fact, been transferred to a partnership, based upon the cotenancy deed and the practices and understanding of Tipp and Skjelset, Skjelset had a 50% interest in the real estate.  The 56% contract interest purchased by Skjelset and Tipp in 1979 and Tippþs 44% contract interest acquired prior to 1979 both had outstanding indebtedness which was paid off as of March 18, 1996 by Tipp and Skjelset on a 50/50 basis.  As of March 18, 1996, $8,399 was owed for real estate taxes, penalties and interest on the property in question.  Skjelsetþs share of these taxes, penalties and interest is $4,199.97.

Tipp raises the following issues on appeal:

1.  Whether the District Court erred, as a matter of law, in determining that Skjelset owned a 50% interest in the real estate when the deeds indicate that, as a cotenant of a 56% interest, he only owned 28%.

2.  Whether the District Courtþs findings that Skjelset owned a 50% interest in the Guardian Building property are supported by substantial evidence.

### Standard of Review

The standard of review of a district court's findings of fact is whether they are clearly erroneous under the three-part test established in Interstate Production Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 322, 820 P.2d 1285, 1287.  The test provides that:

(1)  The Court will determine whether the findings are supported by substantial evidence;

(2)  If the findings are supported by substantial evidence, the Court will determine if the trial court has misapprehended the evidence;

(3)  If the findings are supported by substantial evidence and that evidence has not been misapprehended, this Court may still find that a finding is "clearly erroneous" when, although there is evidence to support it, a review of the record leaves the Court with the definite and firm conviction that a mistake has been committed.

The standard of review of a district court's conclusion of law is whether the court's interpretation of the law is correct.  Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

### Discussion

1.  Whether the District Court erred, as a matter of law, in determining that Skjelset owned a 50% interest in the real estate when the deeds indicate that, as a cotenant of a 56% interest, he only owned 28%.

Relying on the 1979 deed, TFB contends that Tipp and Skjelset purchased the 56% as cotenants and that there is a presumption that cotenants own equal percentages of the property, i.e., 28% each.  Skjelset argues that the District Court properly allowed this presumption to be rebutted by parol evidence.  Our recent decision in Matter of Estate

of Dern Family Trust (1996), 279 Mont. 138, 928 P.2d 123, supports Skjelsetþs position.

In Dern Family Trust, 928 P.2d at 131, we held:

It is presumed that shares of cotenants are equal, whether they be tenants in common or joint tenants. [Citations omitted.] This presumption is not conclusive but is subject to rebuttal and may be rebutted by parol evidence.

We determined that the cotenancy status of the account did not dictate the manner of apportionment of the account.

Other states have applied the þequal share presumption ruleþ to tenancies in common. In D.M., the plaintiffs rebutted the general presumption of equal shares between tenants in common by demonstrating unequal contribution to equity in real property. There the court found that this evidence created a presumption that they intended to share property in proportion to their respective contributions and was enough to rebut the general presumption of equal shares. D.M., 885 P.2d at 97-98. The court held that if the parties intend to hold a tenancy in common in a particular proportion or if an intent to determine proportion by a particular method can be discovered, this intent controls over the equal share presumption rule of cotenancy. D.M., 885 P.2d at 97.

Dern Family Trust, 928 P.2d at 131-32. In concluding, we held that the general rule of equal shares in cotenancy may be rebutted by evidence such as unequal contribution. Dern Family Trust, 928 P.2d at 132.

Consistent with our decision in Dern Family Trust, we hold that the District Court did not err as a matter of law in determining that the presumption of equal ownership in a cotenancy can be rebutted by parol evidence. We turn then to the question of whether, in the context of this case, that presumption was rebutted by the evidence presented.

2. Whether the District Courtþs findings that Skjelset owned a 50% interest in the Guardian Building property are supported by substantial evidence.

The District Court, relying on the "way they managed the real estate, shared income, and paid off indebtedness," determined that Tipp and Skjelset each had a 50% interest in the Guardian Building property. There is substantial evidence in the record to support this conclusion. It is undisputed that Tipp owned a 44% interest in the contract to purchase the property and that, as of 1979, there was still a considerable balance owing on his contract. In 1979, Skjelset provided all of the down payment required so that he and Tipp could acquire the remaining 56% on a contract which also carried an outstanding balance. Randle White, accountant for Tipp and Skjelset, testified that the "paid in" portion of Tipp's 44% interest would approximately equal Skjelset's cash contribution to acquisition of the 56%. The evidence also shows that Tipp and Skjelset established a joint bank account to receive rents and pay bills for the Guardian Building. Tipp did not receive 44% of the income from this account as his separate

property.  Rather, the entire income from rents went to retire the debt on the whole building; i.e., on the 56% acquired by Tipp and Skjelset as well as the 44% previously held by Tipp.

Substantial evidence supports the District Court's conclusion that Tipp and Skjelset held the Guardian Building property on a 50/50 basis, that Skjelsetþs 50% ownership interest in the real estate is $158,300.03 ($162,000 - $4,199.97), and that the net price to be paid by TFB to Skjelset, after deductions for settlement and payment of outstanding taxes, is $128,300.03 ($158,300.03 - $30,000).  The District Court did not misapprehend the evidence, and we are not left with a firm conviction that a mistake has been committed. Accordingly, we hold that the findings of fact are not clearly erroneous.  See DeSaye, 820 P.2d at 1287.

Finally, Skjelset argues that under Rule 32, M.R.App.P., he should be awarded his costs and attorney fees for defending a meritless appeal.  He contends that this appeal is a delay tactic consistent with the District Court's finding that Tipp previously attempted to transfer a 72% interest in the real estate out of his name in order to defeat the court's jurisdiction, which compelled the court to void those deeds and to monitor the refinancing of the property.  Without condoning the attempted transfers by Tipp, we determine that the appeal is not frivolous and thus an award of fees and costs is not appropriate.

Affirmed.

/S/  W. WILLIAM LEAPHART


We concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  KARLA M. GRAY
/S/  TERRY N. TRIEWEILER