No. 98-303

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 263

RAYMOND P. TIPP, THOMAS W.

FRIZZELL and RICHARD R. BULEY,

Plaintiffs and Appellants,

v.

DOUGLAS G. SKJELSET,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Richard R. Buley; Tipp & Buley, Missoula, Montana

For Respondent:

John H. Gilliam; Skjelset & Gilliam, Missoula, Montana

Submitted on Briefs: September 3, 1998

Decided: November 5, 1998

Filed:

_____

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. This is an appeal from the District Court of the Fourth Judicial District, County of Missoula. Raymond P. Tipp (Tipp), Thomas W. Frizzell, and Richard R. Buley (TFB) appeal the District Court's order awarding Douglas G. Skjelset (Skjelset) interest on a money judgment against TFB. We affirm.**

**¶2. We restate the two issues on appeal:**

**¶3. (1.) Did the District Court err in awarding Skjelset postjudgment interest on his money judgment against TFB?**

**¶4. (2.) Should Skjelset be granted damages for a frivolous appeal by TFB?**

Factual and Procedural Background

**¶5. Tipp and Skjelset were formerly partners in a law firm. This case originated with a complaint filed by TFB in 1989 alleging that Skjelset had breached an agreement between the parties concerning the distribution of partnership assets upon its dissolution. The primary asset in dispute was a piece of real estate located in Missoula, which was jointly owned by Tipp and Skjelset. The case went to a mandatory settlement conference, from which a settlement agreement was derived in April of 1994. This agreement provided that Skjelset's ownership interest in the real estate was to be purchased by the remaining partners (i.e., by TFB).**

**¶6. Thereafter, a dispute arose as to the interpretation of the settlement agreement. Alleging that Skjelset had breached the agreement, TFB requested that the District Court enforce the parties' rights under the settlement agreement. On March 3, 1997, the court awarded Skjelset a 50% interest and Tipp the remaining 50% interest**

based on the deeds, practices and understandings in effect between the parties. Skjelset's 50% ownership interest in the real estate was valued by the District Court at $158,300.03, which, after deducting $30,000 for the costs of settlement and the payment of outstanding taxes, amounted to a net judgment of $128,300.03. This net amount represented the value of Skjelset's ownership interest in the real estate that TFB had promised to purchase from Skjelset upon dissolution of the partnership.

¶7. Further, the District Court concluded that because "Tipp ha[d] attempted to transfer [his interest in] the real estate outside of and contrary to the settlement agreement in an effort to limit the jurisdiction of the Court in effectuating the settlement agreement which he initially requested," it was "appropriate . . . to closely control and manage the refinancing of the real estate" under the settlement agreement. Accordingly, the court directed that the parties investigate refinancing opportunities within the 45 days following the judgment and report back to the court on or before May 1, 1997, for purposes of setting forth a specific time-line to allow Skjelset to be paid his interest in the real estate, while still allowing Tipp clear title to facilitate refinancing the amount of the payment to Skjelset. TFB appealed the District Court's distribution of the partnership assets under the settlement agreement. This Court affirmed the District Court judgment in Tipp v. Skjelset (1997), 285 Mont. 274, 947 P.2d 480 (*Tipp I*).

¶8. After the affirmance, Skjelset's counsel wrote TFB's counsel requesting a certified check for $137,922.56, the principal amount of the judgment plus interest through December 3, 1997. Skjelset waited approximately two weeks without payment from TFB before filing a motion for enforcement of judgment with the District Court. Fifteen days after the filing of this motion, TFB deposited the principal amount of the judgment into trust with the District Court; Skjelset then delivered a quitclaim deed into trust with the court nine days later. In his motion, Skjelset requested that the court award him interest on the judgment amount from the date of entry of the District Court's findings and conclusions to the date that the amount was paid into trust with the court.

¶9. On February 23, 1998, the District Court entered its order, granting Skjelset "post-judgment interest" at the statutory rate of 10% from the date of the original findings and conclusions through the date the amount was paid into trust. This amounted to an award of $10,691.70 in postjudgment interest. The court further directed the clerk of court to disburse the $128,300.03 to Skjelset, but ordered that

the quitclaim deed would not be released to TFB until it filed a satisfaction of judgment respecting the postjudgment interest with the court. TFB appeals from the District Court order.

Discussion

¶10. The first issue on appeal is whether the District Court erred in granting postjudgment interest to Skjelset on the monetary judgment against TFB.

¶11. TFB contends that the District Court erred in awarding interest to Skjelset under § 27-1-211, MCA. Statutory construction is a question of law. We review a district court's conclusion of law to determine if the court's interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

¶12. Section 27-1-211, MCA, states:

Right to Interest. Every person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover which is vested in him upon a particular day is entitled also to recover interest thereon from that day except during such time as the debtor is prevented by law or by the act of the creditor from paying the debt.

Section 27-1-211, MCA. According to TFB, § 27-1-211, MCA, cannot support the District Court's grant of interest because the money judgment owed Skjelset by TFB is not an award of "damages" within the meaning of the statute. We agree that § 27-1-211, MCA, cannot support an award of postjudgment interest, but we disagree with TFB's conclusion that the District Court's reliance on § 27-1-211, MCA, necessarily voids an otherwise valid award of postjudgment interest.

¶13. As Skjelset makes clear, this Court has construed § 27-1-211, MCA, as mandating an award of "prejudgment interest" where three criteria are satisfied: "(1) [there exists] an underlying monetary obligation; (2) the amount of recovery is certain or capable of being made certain by calculation; and (3) the right to recover the obligation vests on a particular day." Byrne v. Terry (1987), 228 Mont. 387, 390, 741 P.2d 1341, 1343 (emphasis added). Thus, § 27-1-211, MCA, is applicable only to an award of "prejudgment interest." *See also* Martel Const., Inc. v. State (1991), 249 Mont. 507, 512, 817 P.2d 677, 680 (referring to § 27-1-211, MCA, as "the general prejudgment interest statute" of Montana); Price Bldg. Service, Inc. v. Holms (1985),

214 Mont. 456, 468, 693 P.2d 553, 559 (discussing the legislative intent underlying § 27-1-211, MCA, "[t]he prejudgment interest statute").

¶14. This case is factually analogous to our decision in In re Marriage of Mannix (1990), 242 Mont. 137, 788 P.2d 1363. That case involved the appeal of an award of interest by the trial court on a debt created by the parties' property settlement agreement. The language of the property settlement agreement, like here, required one party to purchase the other party's interest in jointly owned real estate. We noted that even though the payment was to be made in the future (i.e., upon the sale of the real estate), the right to the money vested on the day the trial court entered its final decree. We thus held that postjudgment interest was properly awarded at the rate of 10% per annum from the date of the court's entry of judgment to the day that the party owing the money tendered payment. *Marriage of Mannix*, 242 Mont. at 140, 788 P.2d at 1365.

¶15. In *Marriage of Mannix*, we rejected the petitioner's arguments based upon § 27-1-211, MCA. Specifically, we stated that the petitioner's "reliance on Sec. 27-1-211, MCA, is inappropriate in this case, since the issue here concerns 'post judgment' interest, rather than prejudgment interest under Sec. 27-1-211, MCA." *Marriage of Mannix*, 242 Mont. at 140, 788 P.2d at 1366. In rejecting the arguments based on § 27-1-211, MCA, we affirmed the District Court's award of postjudgment interest at a rate of 10% per annum as a proper result pursuant to § 25-9-205, MCA. *Marriage of Mannix*, 242 Mont. at 140, 788 P.2d at 1365. Similarly, TFB's reliance on case law interpreting § 27-1-211, MCA, is inappropriate here because postjudgment interest, not prejudgment interest, is at issue.

¶16. Skjelset recognizes that "[t]he award of interest here was really an award of *post*-judgment interest - not *pre*-judgment interest." Despite the District Court's reliance on the wrong statute, he contends that the award of postjudgment interest was appropriate. We agree. In this case, the District Court reached the right result by awarding Skjelset postjudgment interest, but incorrectly based its conclusion on § 27-1-211, MCA. We conclude that the court's judgment "can be sustained under the wrong-reason, right-result appellate rule." Knutson v. State (1984), 211 Mont. 126, 129, 683 P.2d 488, 490 (citing Fergus County v. Osweiler (1938), 107 Mont. 466, 86 P.2d 410). A harmless error does not mandate that we reverse a district court judgment; an "error must cause substantial prejudice" to warrant reversal. Erickson v. State ex rel. Bd. of Med. Exam. (1997), 282 Mont. 367, 375, 938 P.2d 625,

**630.** The District Court's error regarding the application of § 27-1-211, MCA, was harmless.

¶17. The statutory bases for an award of postjudgment interest in Montana are §§ 25-9-204 and 25-9-205, MCA. The District Court should have applied § 25-9-205, MCA, to support its award of postjudgment interest. *See Marriage of Mannix*, 242 Mont. at 140, 788 P.2d at 1365. Section 25-9-205, MCA, provides that, in cases where a postjudgment interest rate is not specified by contract, "interest is payable on judgments recovered in the courts of this state at the rate of 10% per annum and no greater rate." Section 25-9-205(1), MCA. Indeed, the Montana Legislature has shown an intent to impose postjudgment interest on all valid judgments rendered in the courts of this state: Section 25-9-204, MCA, mandates that "[t]he clerk [of court] must include in the judgment entered up by him [or her] any interest on the verdict or decision of the court, from the time it was rendered or made." Section 25-9-204, MCA.

¶18. We hold that the District Court reached the right result in assessing 10% per annum postjudgment interest against TFB from the date of judgment to the date that the amount due was paid into trust, but erred in basing its conclusion upon § 27-1-211, MCA, which only supports an award of prejudgment interest. In this case, since TFB and Skjelset disputed the amount of payment owed Skjelset under the settlement agreement, it was not until the District Court order fixed the money amount owed Skjelset by TFB that there was a clearly ascertainable amount due. The District Court decision affirmed in *Tipp I* was therefore a "judgment" because it was "a final determination of the rights of the parties" under the settlement agreement. Rule 54(a), M.R.Civ.P.

¶19. "[O]nce a person is liable for a money judgment, and payment is not made, the person entitled to the judgment is further entitled to a fair rate of interest." Knudson v. Knudson (1981), 191 Mont. 204, 208, 622 P.2d 1025, 1027. Thus, interest from the date of judgment at the legal rate of 10% per annum should have been assessed against TFB under § 25-9-204, MCA, or § 25-9-205, MCA. We hold that the District Court reached the right result in this case, but should have applied § 25-9-205, MCA, to support its award of postjudgment interest.

¶20. TFB also argues that interest was improperly awarded because Skjelset's right to payment did not vest on a "particular day." This argument, however, is premised upon the specific wording of § 27-1-211, MCA. Since we have concluded that § 27-1-211, MCA, is not the applicable statute for an award of postjudgment interest, we need not address this argument.

¶21. Lastly, Skjelset asks this Court to award interest on the $10,691.70 in postjudgment interest that the District Court awarded. However, § 25-9-205, MCA, states that "interest must not be compounded in any manner or form." Section 25-9-205(1), MCA. To grant Skjelset's request would be in effect to grant him a compound interest rate on his judgment, contrary to § 25-9-205, MCA. Therefore, we decline to award Skjelset interest on interest.

¶22. The second issue on appeal is whether Skjelset should be granted damages for a frivolous appeal by TFB.

¶23. Skjelset contends that he is entitled to an award of damages against TFB for the costs and fees of defending this appeal, which he insists is frivolous. Rule 32, M.R. App.P., vests this Court with the authority to assess damages for an appeal in a civil case if we are satisfied from the record that the appeal "was taken without substantial or reasonable grounds." Rule 32, M.R.App.P. Where a reasonable ground for appeal exists, we will decline to award sanctions under Rule 32, M.R.App. P. Tope v. Taylor (1988), 235 Mont. 124, 132, 768 P.2d 845, 850. In *Tipp I*, we considered whether to award Skjelset his costs and attorney fees for a meritless appeal. There, while stating that we did not condone the actions that Skjelset complained of, we declined to award sanctions against TFB for a frivolous appeal. *Tipp I*, 285 Mont. at 279, 947 P.2d at 483. This time around, however, we will not so hastily dismiss Skjelset's request for sanctions under Rule 32, M.R.App.P.

¶24. Throughout the course of this lengthy and often petty dispute, TFB has displayed significant disdain for the integrity of the judicial process. As previously noted, Tipp attempted to transfer his ownership interest in the real estate out of his name in order to defeat the jurisdiction of the District Court, forcing the court to closely monitor the refinancing of the property. In this appeal, a close reading of the legal authorities cited by TFB in support of its position should have prompted the conclusion that § 27-1-211, MCA, could neither support nor defeat an award of postjudgment interest.

¶25. Furthermore, TFB's contention that it should not have to pay interest because "Skjelset had not performed its part [under the District Court order by] . . . preparing and depositing with the Court a deed," is a mischaracterization of the court's order. Nowhere did the court specifically order Skjelset to deposit the deed into trust as a condition precedent to payment. Indeed, the court's monitoring of the

refinancing of the real estate was prompted by TFB's abuses in the first place.

¶26. After TFB's defeat in its first appeal, Skjelset had to bring a motion with the District Court to compel enforcement of its judgment because of TFB's refusal to tender payment. Only upon filing of this motion did TFB finally tender payment to the court--a full ten months after judgment. Due to Skjelset's filing of the motion, he was properly awarded postjudgment interest by the District Court. With this appeal, it appears that TFB attempts to again avoid its obligations or at least suspend performance of them for as long as possible. We will not tolerate such dilatory tactics.

¶27. We assess sanctions when a litigant takes conflicting positions throughout a case, makes baseless claims on appeal, and uses inaccurate citations in its appellate brief. Federated Mut. Ins. Co. v. Anderson (1996), 277 Mont. 134, 145, 920 P.2d 97, 104. We also assess sanctions when an appeal is entirely unfounded and is brought for the purpose of causing delay. Reilly v. Farm Credit Bank of Spokane (1993), 261 Mont. 532, 535, 863 P.2d 420, 422 (citing Hock v. Lienco Cedar Products (1981), 194 Mont. 131, 140, 634 P.2d 1174, 1179). Lastly, we assess sanctions where a litigant's actions constitute an abuse of the judicial system. Bickler v. Racquet Club Heights Assoc. (1993), 258 Mont. 19, 25, 850 P.2d 967, 971; *see also* Thomas v. Hale (1990), 246 Mont. 64, 69, 802 P.2d 1255,1258.

¶28. " 'It is important for the sake of the litigants and for the judicial system that litigation will at some time be finally ended.' " South Gallatin Land Corp. v. Yetter (1990), 245 Mont. 320, 326, 801 P.2d 575, 578, *quoting* Lussy v. Dye (1985), 215 Mont. 91, 93, 695 P.2d 465, 466. This case is replete with a history of dilatory tactics by TFB, including this appeal. We conclude that this appeal was taken without substantial or reasonable grounds, and we therefore award damages to Skjelset for a frivolous appeal by TFB. On remand, the District Court shall award Skjelset's reasonable costs and attorney's fees for defending this appeal.

¶29. In sum, we hold that the District Court erred in awarding postjudgment interest on the basis of § 27-1-211, MCA, which only applies to an award of prejudgment interest. However, we conclude that the error was harmless as the District Court reached the right result for the wrong reason. Therefore, we affirm the award of postjudgment interest against TFB under the proper standard of § 25-9-205, MCA. Lastly, we impose sanctions on TFB for a frivolous appeal pursuant to Rule 32, M.R.

**App.P., and remand to the District Court for a determination of Skjelset's reasonable costs and attorney's fees.**

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER