FILED

10/25/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0023

DA 16-0023

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 270

JEANETTE DIAZ, LEAH HOFFMANN-BERNHARDT,
Individually and on Behalf of Others Similarly Situated,

      Plaintiffs and Appellants,

  v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-2008-596
Honorable DeeAnn Cooney, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Erik B. Thueson, Thueson Law Office, Helena, Montana

          James G. Hunt, Jonathan McDonald, Hunt Law Firm, Helena, Montana

      For Appellee:

          Robert Lukes, Garlington, Lohn & Robinson, PLLP, Missoula, Montana

Submitted on Briefs:  July 27, 2016

Decided:  October 25, 2016

Filed:

                             Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Jeanette Diaz, Leah Hoffmann-Bernhardt, and others similarly situated, collectively (Diaz), appeal from an order entered in the First Judicial District Court determining the manner in which prejudgment interest on payments due to class members was to be calculated. The underlying payments arose from the Defendant's application of its policy's Coordination of Benefits Provision to avoid payment of medical expenses already paid by a third-party liability carrier without Defendant first undertaking a made whole analysis. The District Court found that, except for claims "arising after December 24, 2009," interest for all such payments is to commence 30 days following our decision in *Blue Cross & Blue Shield of Mont. v. Mont. State Auditor*, 2009 MT 318, 352 Mont. 423, 218 P.3d 475 (*BCBS*). For claims arising after December 24, 2009, the District Court required that the State pay interest commencing on the day the underlying medical expenses were incurred. We affirm the District Court order, but remand for correction of the date to be applied for determining the calculation of prejudgment interest.[1]

¶2     Diaz presents the following issue for review:

> *Whether the District Court correctly determined the date upon which interest should first accrue on claims for members of the State of Montana Health Benefit Plan.*

---

[1]   The District Court's ORDER ON INTEREST TO BE PAID incorrectly calculates 30 days following *BCBS* to be December 24, 2009. While both parties agree that December 24, 2009, was an incorrect date to commence interest calculations, they disagree on what date is actually 30 days after *BCBS*. The State maintains 30 days after *BCBS* is November 24, 2009, while Diaz maintains 30 days after our *BCBS* decision is October 24, 2009. For reasons that follow, we conclude interest is to commence on November 14, 2009, for all claims filed prior to November 14, 2009.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 This case has been appealed on three previous occasions on various questions. The underlying claim in these proceedings concerns an exclusion in the State's health benefit insurance plan which allowed the State to coordinate benefits in violation of Montana's made whole laws. The State offers a State Employee Health Benefits Plan (Plan) paid to its employees, retired employees, and dependents of both. The Plan enrolls approximately 32,000 members and provides for coverage of health care costs to health care providers. Significantly, it does not provide for any payments to be made directly to a Plan member.

¶4 The Plan had a coordination of benefits provision, in conjunction with payments from third parties, which excludes:

> 5. Expenses that a member is entitled to have covered, or that are paid under an automobile insurance policy, a premise liability policy, or other liability insurance policy. This includes but is not limited to, a homeowner's policy or business liability policy, or expenses that a member would be entitled to have covered under such policies if not covered by the State Plan.

Both Diaz and Hoffmann-Bernhardt's original medical bills were paid timely and in full by third-party insurers and the State. Diaz filed suit alleging that defendants, third-party administrators and the State, had violated the employees' made whole rights under Montana law.

¶5 Our first consideration of coordination of benefits language, such as here, was in 2009 when we decided *BCBS*. In *BCBS*, coordination of benefits language in a Blue Cross & Blue Shield policy excluded coverage for any health care costs incurred by its

3

insured if they received or were entitled to receive payment for those costs from a third-party's automobile or premises liability policy. The issue in *BCBS* was whether the coordination of benefits provision violated the made whole requirement in § 33-30-1102, MCA. We held that the legal effect of the coordination provision was to allow Blue Cross & Blue Shield to exercise subrogation before paying anything to its insured. *BCBS* was the first time this Court examined a coordination of benefits provision in the context of our made whole laws and determined that its utilization violated the made whole requirement of § 33-30-1102, MCA. *BCBS*, ¶ 19.

¶6 The *Diaz* trilogy is premised upon our decision in *BCBS*. The first appeal dealt with Rule 23 class certification. We concluded that the District Court had properly certified a class which addressed issues of the Plan's coordination of benefits language. *Diaz v. Blue Cross & Blue Shield*, 2011 MT 322, ¶ 50, 267 P.3d 756 (*Diaz I*). The second appeal addressed the definition of the class by the court which included those claims with an "eight-year statute of limitations suggested by the Plaintiffs, but also adopting the one-year filing limitation proposed by the State . . . ." *Diaz*, ¶ 14. We affirmed the court's class definition, observing that class action orders "are not frozen once made" and that a "District Court maintains discretion to alter the class definition as the case proceeds." *Diaz v. State*, 2013 MT 219, ¶ 28, 308 P.3d 38 (*Diaz II*). The third appeal affirmed the district court's award of summary judgment finding the policy's coordination of benefits provision to be de facto subrogation and that the State, which operates as an insurer, is subject to the Insurance Code and Montana's made whole laws. *Diaz v. State*, 2013 MT 331, ¶¶ 14-16, 313 P.3d 124 (*Diaz III*).

¶7 In the current appeal, which is the fourth, Diaz asks us to determine when interest should begin to accrue on the class members' claims. Some of the claims, given the court's broad class definition which we affirmed in *Diaz II*, predate our decision in *BCBS*, while other claims arose following our decision in *BCBS*. The District Court addressed both categories of claims and ordered that for pre-*BCBS* claims, interest commences 30 days following the date of our *BCBS* decision. For all claims arising subsequent to *BCBS*, the District Court required the State to pay interest commencing on the day the underlying medical expense was incurred.

## STANDARD OF REVIEW

¶8 "We review a district court's grant or denial of prejudgment interest to determine if the district court's interpretation of the law is correct." *Fitterer Sales Mont., Inc. v. Mullin*, 2015 MT 272, ¶ 16, 381 Mont. 107, 358 P.3d 885.

## DISCUSSION

¶9 *Whether the District Court correctly determined the date upon which interest should first accrue on claims for members of the State of Montana Health Benefit Plan.*

¶10 Diaz argues that §§ 18-1-404(1) and 17-8-242(2), MCA, provide interest should commence 30 days after the date on which payment was due and that the District Court erred in commencing interest on the date *BCBS* was decided, rather than the date the bills were incurred. The statutory sections to which Diaz refers do, in fact, provide that interest is to commence from "the date on which the payment on the contract became due" and that "[t]his liability is retroactive . . . and applies to any contract in effect or an action pending on a contract on or after May 1, 1997." Section 18-1-404(1)(b), MCA.

5

Further, Diaz argues that, pursuant to § 18-1-404(1)(a), MCA, the State is liable with respect to any contract in the same manner as an individual and that the provision for interest is retroactive whether "due before or after a decision by the government agency or court." Section 18-1-404(1)(b), MCA. Section 17-8-242(2), MCA, provides that payment is timely if made within 30 days of when the bill is due.

¶11 The State does not dispute that it is held to the same standard as an individual when it enters into a contract. Section 18-1-404(1)(a), MCA. The State contends that interest only accrues when an individual has a right to a monetary recovery and the right has fully vested. As the Plan provides no right of monetary recovery or for direct payment to Plan members, the State argues there is no interest liability until after a monetary right exists and has fully vested. Here, the State maintains the right of recovery was not created and could not vest until this Court determined in *BCBS* that the Plan's coordination of benefits provision violated Montana's made whole laws. Additionally, the State maintains that § 18-1-404, MCA, provides a good faith exception to the rule that interest commences when payment on the contract is due which allows for interest to be assessed following a court's resolution of the good faith dispute.

¶12 We have previously stated that "prejudgment interest is to be awarded unless either the law or the creditor prevents the payment of principal." *Byrne v. Terry*, 228 Mont. 387, 391, 741 P.2d 1341, 1343 (1987) (citing *Price Building Services, Inc. v. Holms*, 214 Mont. 456, 468-69, 693 P.2d 553, 559-60 (1985)). Section 27-1-211, MCA, sets forth the criteria for an award of prejudgment interest as follows:

Each person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover that is vested in the person upon a particular day is entitled also to recover interest on the damages from that day except during the time that the debtor is prevented by law or by the act of the creditor from paying the debt.

¶13 We have interpreted this statute as having three requirements a party must satisfy to be eligible for an award of prejudgment interest under § 27-1-211, MCA: (1) an underlying monetary obligation; (2) the amount of recovery must be certain or capable of being made certain by calculation; and (3) the right to recover must vest on a particular day. *Kraft v. High Country Motors, Inc.*, 2012 MT 83, ¶ 70, 364 Mont. 465, 480-81, 276 P.3d 908; *see also New Hope Lutheran Ministry v. Faith Lutheran Church of Great Falls, Inc.*, 2014 MT 69, ¶70, 374 Mont. 229, 328 P.3d 586; *Byrne*, 228 Mont. at 390, 741 P.2d at 1343; *Stafford v. Fockaert*, 2016 MT 28, ¶ 24, 382 Mont. 178, 366 P.3d 673. The main purpose of prejudgment interest is to compensate a party for the loss of her money during the period in which her valid claim was not paid. *Byrne*, 228 Mont. at 391, 741 P.2d at 1343. Finally, § 27-1-211, MCA, mandates interest "as long as the legal situation fits within the broad guidelines of the statute." *Byrne*, 228 Mont. at 391, 741 P.2d at 1343. The instant proceedings involve the question of how to apply the provisions of § 18-1-404, MCA, within the context of § 27-1-211, MCA, and the newly recognized right to recovery created by our decision in *BCBS*. For purposes of § 18-1-404(b), MCA, Diaz stipulates that the State had a good faith basis for disputing coverage. Accordingly, Diaz is entitled to prejudgment interest if the requirements of § 27-1-211, MCA, have been satisfied.

¶14    The first criterion entitling a party to prejudgment interest is the existence of a monetary obligation.  Here, the State had no monetary obligation under the Plan to its members. The policy provisions of the Plan did not allow for any payment or right to monetary recovery by a Plan member.  As noted previously, the Plan provides for payment to health care providers and does not provide for any direct payments to a Plan member.  With respect to third-party health care providers, the Plan recognized that payment of medical expenses may not be due because the coordination of benefits provision recognized the State's obligation as secondary to the payment from a third-party liability carrier.  There is no dispute that Diaz's medical expenses were paid in a timely manner by a third-party carrier.  It was not until our decision in *BCBS*, that any right to monetary recovery for damages arising out of the State's violation of the made whole laws was recognized. We conclude that the existence of an underlying monetary obligation did not exist under the Plan's provisions until our decision in *BCBS* and the first criterion of § 27-1-211, MCA, has, therefore, not been established.

¶15    Our conclusion that the underlying monetary obligation did not arise until our decision in *BCBS* also disposes of the third criterion in § 27-1-211, MCA, that the right to recover vests on a particular day.  Diaz's right to recover did not vest until our decision in *BCBS* recognized, for the first time, that the Plan's coordination of benefits provision violated Montana's made whole laws.[2]  The coordination of benefits provision at issue was enforceable under Montana law until our decision to the contrary in *BCBS*.  Thus, the

---

[2]  Prior to the instant appeal, the State maintained that interest should not begin until 30 days following our decision in *Diaz III*.  However, the State on appeal concedes that the District Court correctly determined interest should commence following our decision in *BCBS*.

particular day on which Diaz's right to recover vested was 30 days after our remittitur in *BCBS*. *See* § 17-8-242(2), MCA. The second criterion, that the amount of recovery is capable of being made certain by calculation, is undisputed. Nonetheless, on the basis of Diaz's failure to establish the (1) existence of an underlying monetary obligation prior to *BCBS*, and (2) the right to recover prior to *BCBS*, we conclude that the District Court did not err in holding that for claims arising prior to December 24, 2009, interest was to commence following our decision in *BCBS*.

¶16 We do note, however, that *BCBS* was decided on September 24, 2009, and our remittitur was issued October 15, 2009. Therefore, 30 days following the remittitur was November 14, 2009. We therefore remand only for the purpose of: (1) changing the date of December 24, 2009, to November 14, 2009, as the correct date upon which interest is to commence, and (2) that the date of November 14, 2009, is also to be applied for purposes of assessing when a claim arose. For claims arising after November 14, 2009, the State shall pay interest commencing on the day the underlying medical expense was incurred.

## CONCLUSION

¶17 We affirm the District Court's order declaring interest to begin 30 days following our decision in *BCBS*. We remand for the District Court to correct the commencement date for interest from December 24, 2009 to November 14, 2009. Additionally, the order should reflect this applies to all claims arising prior to November 14, 2009.

/S/ LAURIE McKINNON

9

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE